Julio Ameida **MARTINEZ, Appellant,**

v.

The **STATE of Texas, Appellee.**

No. 04–81–00131–CR.

Court of Appeals of Texas,
San Antonio.

June 16, 1982.

Rehearing Denied Aug. 18, 1982.

Discretionary Review Refused
Dec. 8, 1982.

Bobby D. Myers, San Antonio, for appellant.

Bill White, Dist. Atty., John J. Horn, III, Asst. Dist. Atty., San Antonio, for appellee.

Before CADENA, C.J., and BUTTS and CLARK, JJ.

## OPINION

CLARK, Justice.

This is an appeal from a conviction for robbery by threats. A jury found appellant guilty as charged and assessed punishment at seventeen years' confinement.

In appellant's first ground of error, he contends that the trial court violated his rights under the Sixth Amendment to the United States Constitution by forcing counsel upon him over his objection and protest. Appellant claims that his rights, as granted by the Sixth Amendment, include the right to reject the assistance of counsel.[1] In support of his argument, appellant cites *Faret-*

---

1. Because Sixth Amendment rights are basic to our adversary system of criminal justice, they are part of the "due process of law" that is guaranteed by the Fourteenth Amendment to defendants in State criminal trials. *Faretta v. California,* 422 U.S. 806, 818, 95 S.Ct. 2525, 2532–2533, 45 L.Ed.2d 562 (1975).

ta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). *Faretta* is the leading case regarding the right of the accused to reject the assistance of counsel in order that he may represent himself. In *Faretta,* well before the date of trial, the accused specifically requested permission to represent himself. Instead, he was forced to accept representation by the public defender appointed to represent him.

In the case at bar, appellant did not communicate his desires so clearly and unambiguously as did Faretta. Nonetheless, it is certain that at no time did appellant express a desire to represent himself. The following colloquy is relevant:

> MR. DE LA ROSA [appellant's trial counsel]: Mr. Martinez would you rather have a trial by jury or trial before the court.
>
> THE DEFENDANT: Why don't we just wait until the Judge comes in. I want to dismiss the counsel. I want another counsel. I refuse to answer any further questions.

After being informed of appellant's desire to dismiss his appointed attorney, the trial court informed him as to his options of a trial before a jury or before the court, and the ramifications of each. The colloquy continued:

> THE COURT: Do you want a trial before a jury?
>
> THE DEFENDANT: What I want is to dismiss counsel.
>
> THE COURT: I am not going to do that. Mr. De La Rosa is a competent attorney. He has been appointed to represent you and in the hearing on the motion to suppress I think he represented you in a very fine manner. He asked all the questions I could ever think to ask those witness [sic] and some that I never would have thought of, so I think he is doing a thourough [sic] job. The case is set for trial for this week. You were advised on June 15, that—when the case was set for trial. If you wanted to get another lawyer that was the time to do it. It's set for trial this week. I don't think

you have time to get another lawyer. If you or your family wants to hire an attorney to come in and participate in the trial, either assist Mr. De La Rosa or replace him and that lawyer is ready to go I would permit that, but I am not going to have Mr. De La Rosa replaced by another lawyer because we are going to try the case this morning. The jury is on the way right now and the only thing [sic] you need to decide are those questions I just asked you. Do you want a jury or non jury trial? We are going to have a trial. State announced ready; witness ready; jury ready; everybody is ready.

Appellant then explained that his reason for wanting to dismiss his appointed attorney was the attorney's failure to cause a subpoena to be issued to secure the attendance of a witness. The trial court elicited the name and address of the witness, informed appellant that the witness would be subpoenaed, and then asked him if there was anything else he wanted. In response, appellant mentioned a civil suit that he contended was to be filed against the police officers who arrested him. This is the totality of the record relating to appellant's first ground of error.

■ Counsel for appellant suggested during oral argument that the trial court should have questioned appellant in order to determine exactly what he wanted, and that appellant should have been given the warnings and admonitions required by *Faretta.* This argument is without merit in light of the excerpts from the record quoted *ante.* It is plain from the record that appellant never said that he wished to represent himself, but that he wanted different counsel. Appellant also made plain his reason for wanting to dismiss counsel. Under these circumstances it might have been prudent for the trial court to have questioned appellant more extensively regarding his appointed attorney, but the failure to do so is not reversible error. Since appellant never requested permission to rep-

resent himself, the requirements of *Faretta* were never invoked.

Although appellant contends that there is no suggestion in the record that appellant was trying to manipulate the orderly procedures of the court, the record reflects that appellant made his first request for the dismissal of his appointed attorney on the day of trial. At pre-trial hearings, appellant had not raised the issue.

> The State may not force an accused to accept an attorney. *Webb v. State,* 533 S.W.2d 780 (Tex.Cr.App.1976).
> [But], an accused's right to represent himself or select his own counsel cannot be manipulated so as to obstruct the orderly procedure in the courts or to interfere with the fair administration of justice. [Footnote and citations omitted.] Thus, an accused may not wait until the day of trial to demand different counsel or to request that counsel be dismissed so that he may retain other counsel. [Citations omitted.]

*Id.* at 784. A trial court is not obligated to search for an attorney who meets with the approval of the accused. *Gonzales v. State,* 532 S.W.2d 343 (Tex.Cr.App.1976). The accused carries the burden of proving that he is entitled to a change of counsel. *Webb; Malcolm v. State,* 628 S.W.2d 790 (Tex.Cr. App.1982). In the case at bar, there is no showing that appellant did not receive adequate representation. *Gonzales.* The record reflects no bad faith, insincerity, or disloyalty toward appellant by his counsel. *See Keys v. State,* 486 S.W.2d 958 (Tex.Cr. App.1972). Further, the record reflects affirmatively that an able and vigorous defense was presented by counsel for appellant. The trial court did not abuse its discretion in refusing to dismiss appellant's appointed attorney upon appellant's request. The trial court committed no error in view of the diligent manner in which appellant's appointed attorney represented him. *Gleffe v. State,* 501 S.W.2d 672 (Tex. Cr.App.1973). In light of appointed counsel's vigorous defense of appellant, *Malcolm,* and in light of the trial court's prompt

correction of the only ground upon which appellant's request was based (i.e., the court ordered the clerk to issue the subpoena), no harm is shown. Appellant's first ground of error is overruled.

In appellant's second ground of error, he avers that the trial court committed fundamental error in omitting from the charge two elements of the offense that were alleged in the indictment. Specifically, the indictment alleges that appellant:

> ... did then and there intentionally and knowingly threaten and place [complainant] in fear of imminent bodily injury and death while the said defendant was in the course of committing theft of property, namely: LAWFUL MONEY OF THE UNITED STATES OF AMERICA *from said complainant, the owner of said property, without the effective consent of said complainant,* and said acts were committed by the said defendant with the intent then and there to obtain and maintain control of the said property; ....
> [Emphasis added.]

In applying the law to the facts of the case, the court charged the jury that it should enter a verdict of guilty if it found that appellant:

> ... while in the course of committing theft, and *with the intent to obtain or maintain control of property,* namely: lawful money of the United States of America, [did] intentionally, or knowingly threaten or place [complainant], the owner of said property in fear of imminent bodily injury or death, .... [Emphasis added.]

> Appellant relies solely upon *Cumbie v. State,* 578 S.W.2d 732 (Tex.Cr.App.1979), to support his argument. In *Cumbie* the rule is stated that the omission from the court's charge of an allegation in the indictment which is required to be proved is fundamental error. Since the record reflects that no objection was made on the same ground upon which appellant now complains, only fundamental error need be considered.

In *Sattiewhite v. State,* 600 S.W.2d 277 (Tex.Cr.App.1980), the indictment and the charge contained language similar to that in the same instruments in the case at bar.[2] The Court of Criminal Appeals held that the charge of the court, in applying the law to the facts of the case, required the jury to find every essential element of the offense alleged consonant with the legal theory developed by the evidence adduced by the State. The Court stated further:

That this part of the charge does not contain certain details of the underlying offense of theft alleged in the indictment and proved by the State, viz: "from said complainant . . ., the owner of said property, without the effective consent of said complainant," is not enough to render it totally defective. [Citations omitted.] Even where an objection to the charge calls attention to absence of such factual details, the omission is deemed harmless. [Citations omitted.]

*Id.,* at 285.

The charge does not present fundamental error. Accordingly, appellant's second ground of error is overruled.

Through his attorney on appeal, appellant presents four additional grounds of error. We have examined them with the same care exercised for the first two grounds of error. We find them to be without merit.

For these reasons the judgment is affirmed.

---

**2.** In *Sattiewhite,* the additional factual specification of "by using and exhibiting a deadly weapon, namely: A GUN" was inserted. Without this phrase, the indictments and charges in both cases are identical.