Alfred CAMPISE, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–87–00202–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 11, 1988.

Kevin Branham, Houston, for appellant.

John B. Holmes, Dist. Atty. of Harris County, Carol Cameron, Asst. Dist. Atty., for appellee.

Before EVANS, C.J., and SAM BASS and DUNN, JJ.

OPINION

DUNN, Justice.

Appellant pled guilty to theft as a third offender. The trial court found him guilty and, pursuant to a plea bargain agreement, assessed punishment at nine years confinement. We affirm.

In point of error one, appellant contends that the trial court erred in overruling his exception to the indictment because two prior misdemeanor theft convictions, used to enhance the charged offense from a misdemeanor to a felony, became final on the same day.

Appellant argues that in order to allege these convictions for enhancement purposes, the State must show that the second conviction was committed after the first conviction became final. This is the rule under Tex.Penal Code Ann. sec. 12.42(d) (Vernon 1974) pertaining to allegations of

felony convictions used to enhance punishment. Here, however, the allegations concerned misdemeanor convictions that were used to enhance misdemeanor theft to felony theft under Tex.Penal Code Ann. sec. 31.03(e)(4)(C) (Vernon Supp.1987).

Section 31.03(e)(4)(C) provides that an otherwise misdemeanor offense is punishable as a third degree felony if a defendant "has been previously convicted two or more times of any grade of theft." Unlike section 12.42, section 31.03(e)(4)(C) does not require that the second conviction occur after the first conviction became final.

The provision under section 31.03(e)(4)(C) is similar to a penalty provision in Tex.Rev. Civ.Stat.Ann. art. 6701*l*-1(e) (Vernon Supp. 1988), which elevates an offense of driving while intoxicated to felony status after two prior convictions. In *Guinn v. State*, 696 S.W.2d 436, 437 (Tex.App.—Houston [14th Dist.] 1985, pet. ref'd), the court held that two prior misdemeanor convictions for driving while intoxicated, which occurred on the same day, could be treated as two separate convictions to enhance punishment under article 6701*l*-1.

Accordingly, we hold that misdemeanor theft convictions that become final on the same day can be treated as separate convictions for enhancement purposes under section 31.03(e)(4)(C).

Appellant's first point of error is overruled.

In two points of error, appellant collaterally attacks the two prior misdemeanor theft convictions used for enhancement. In point of error two, he contends that these convictions were void because he did not properly waive his right to counsel in either case. In point of error three, he maintains that there is no showing that he was made aware of the dangers and disadvantages of self-representation when he signed the written waivers.

The record reflects that appellant pled guilty to the two misdemeanor theft offenses. The judgments in these causes, signed by the trial judge, reflect that appellant "knowingly, intelligently and voluntarily waived the right to representation by counsel." Appellant also signed documents in both causes that indicate that after being duly admonished, appellant knowingly and voluntarily waived his constitutional rights, including his right to counsel.

■ The burden of proof is on appellant to show that he was denied the right to counsel on a prior conviction entered pursuant to a plea of guilty, or that he was without counsel, was indigent, and did not voluntarily waive his right to counsel during those prior proceedings. *Maddox v. State*, 591 S.W.2d 898, 902 (Tex.Crim.App. 1979), *cert. denied*, 447 U.S. 909, 100 S.Ct. 2994, 64 L.Ed.2d 859 (1980). Also, when judgments are collaterally attacked, as here, the judgments are presumed to be regular, and the burden is on the defendant to defeat the presumption of regularity. *Breazeale v. State*, 683 S.W.2d 446 (Tex. Crim.App.1984). Appellant presented no evidence to show that he did not voluntarily or knowingly waive his rights; thus, all the recitals in the judgments and waivers are presumed to be correct.

■ Furthermore, there is no showing in the record that appellant demanded to represent himself at trial on the misdemeanor offenses. Absent a request for self-representation, the warnings and admonishments required by *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), are not invoked. *See Martinez v. State*, 640 S.W.2d 317, 319–20 (Tex.App.— San Antonio 1982, pet. ref'd).

Points of error two and three are overruled.

The judgment of the trial court is affirmed.