Richard Dale CLARK, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–87–00180–CR.

Court of Appeals of Texas, Tyler.

May 23, 1988.

Eddie Parker, Tyler, for appellant.

Christian E. Bryan, Dist. Attys. Office, Tyler, for appellee.

COLLEY, Justice.

Richard Dale Clark waived his right to a

jury trial.[1] Thereafter he pleaded "not guilty" to an indictment charging him with theft, a felony of the third degree.[2]

Following the bench trial Clark was convicted, and the court assessed his punishment at three years' confinement.

Clark urges three points of error contending (1) that the court erred in failing to acquit him because the evidence shows that the second of two prior convictions alleged in the indictment to elevate the primary offense (a Class "C" misdemeanor) to a third degree felony was not final at the time of the commission of the first prior conviction alleged in the indictment, and (2) that such variance requires reversal and acquittal. We affirm the judgment.

Under the terms of the indictment Clark was charged with committing a Class "C" misdemeanor theft.[3] Additionally, the indictment contains, inter alia, the following allegations:

> [Clark] was duly ... convicted of [felony theft] on the 9th day of April 1982 in ... Hale County, Texas, in cause number A–7532 ... and the judgment of conviction therein became final prior to the commission of the [primary offense] ...; and that *before the commission* of the [Hale County] offense, [Clark] was ... convicted of [felony theft] on the 22nd day of March, 1982, in ... Potter County, Texas, in cause number 20,605–A ... and the judgment of conviction therein became final prior to the commission of the [primary offense]. (Emphasis ours.)

In summary, it is alleged in the indictment that Clark was finally convicted of felony theft in Hale County on April 9, 1982, before his commission of the primary offense on February 22, 1987, and that before the commission of the Hale County offense, Clark had been finally convicted of

felony theft in Potter County on March 22, 1982.

The State's evidence establishes[4] that the Potter County offense was committed on August 24, 1981, although Clark's final conviction therefor occurred on March 22, 1982. State's exhibit three contains certified copies of the judgment of conviction and order granting probation in the Hale County proceedings dated April 10, 1981, as well as a certified copy of an order revoking Clark's probation in that proceeding dated April 9, 1982. Thus, the evidence shows conclusively that Clark's conviction in Potter County did not precede his commission of the theft for which he was finally convicted in Hale County on April 9, 1982.

Clark in his argument points out that the revocation of his probation in Hale County was partly based on the commission of the theft offense in Potter County. He contends that the State's failure to prove that his final conviction of the Potter County offense occurred before he committed the Hale County offense, constitutes a fatal variance requiring reversal. Clark's argument is premised on his proposition that section 31.03 is a " 'special enhancement' statute." That contention has been wisely rejected by the Court of Criminal Appeals.[5]

Section 31.03 provides that "an offense [theft] under this section is: ...(4) a felony of the third degree if: ...(c) the value of the property stolen is less than $750 and the defendant has been previously convicted two or more times of any grade of theft; ...."

▮▮▮ These provisions are clear and unambiguous, and require the State to allege and prove a primary misdemeanor theft offense and two or more theft convictions "of any grade," which became final before the commission of the primary offense. In

---

1. The waiver was in writing and the State's attorney filed his written approval and consent thereto and the trial judge likewise consented in writing, all in compliance with Tex.Code Crim. Proc.Ann. art. 1.13 (Vernon 1977).

2. Pursuant to Tex.Penal Code Ann. 31.-03(e)(4)(C) (Vernon's Supp.1988) (hereinafter referred to as "section 31.03").

3. Hereafter referred to as the "primary offense."

4. State's exhibit no. 3 (pen pack).

5. *Gant v. State,* 606 S.W.2d 867, 871, 871 n. 9 (Tex.Cr.App.1980).

this case, the State met that burden.[6]  The allegations made in the indictment that Clark's conviction in Potter County became final before he committed the theft offense in Hale County is the purest kind of surplusage.   That relationship between the two prior convictions alleged to raise the primary offense to a third degree felony is irrelevant and does not affect the validity of the indictment and will be disregarded. *Collins v. State,* 500 S.W.2d 168, 169 (Tex. Cr.App.1973).   Clark's points of error are overruled.

The judgment is affirmed.

6.  *Cf., Campise v. State,* 745 S.W.2d 534 (Tex. App. [1st Dist.] Houston 1988, no pet.).