COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.  2-05-161-CR

 

 

MATIAS HERNANDEZ A/K/A                                                 APPELLANT

MATIAS
HERNANDEZ, JR.

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM
THE 415TH DISTRICT COURT OF PARKER COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








A jury convicted Appellant
Matias Hernandez of felony driving while intoxicated, found an enhancement
allegation to be Atrue,@ and assessed punishment at eighteen years= imprisonment and a $2,000 fine. 
The trial court entered judgment accordingly.  In five points on appeal, Appellant complains
that the trial court erred by admitting evidence of several other offenses and
convictions at the punishment phase of trial and that the evidence was legally
and factually insufficient to support the jury=s verdict as to punishment.  We
affirm.

                                            Background

Appellant was indicted for
driving while intoxicated, and the indictment alleged four prior DWI
convictions.  The case was tried to a
jury.  None of Appellant=s points arise from the guilt/innocence phase of trial, so it will
suffice to say that the jury found him guilty as charged in the
indictment.  

During the punishment phase
of trial, the State offered, and the trial court admitted, records pertaining
to thirteen prior convictions.  Appellant=s points all arise from these records, so we will examine them and the
procedural history leading up to their admission in detail.








Three months before trial,
Appellant properly filed a request for notice of extraneous offenses to be used
for enhancement under article 37.07(3)(g) and rule of evidence 404(b).  See Tex.
Code Crim. Proc. Ann. art. 37.07, ' 3(g) (Vernon
Supp. 2005); Tex. R. Evid. 404(b).  Eleven days before trial, the
State filed a notice of intent to use a single prior conviction for burglary to
enhance punishment.  Six days before
trial, the State faxed a letter to Appellant=s counsel listing sixteen convictions that the State intended to offer
in addition to the four prior DWIs alleged in the indictment and the burglary
disclosed in the prior notice.  Three of
the sixteen convictions were for DWI, seven were for driving with a suspended
license, one was for assault-family violence, one was for aggravated assault,
one was for possession of marijuana, and two were listed as Aoffense unknown.@  By letter dated the day before trial, the
State notified Appellant=s counsel
that one of the two Aoffense
unknown@ convictions was for DWI.  

At a pretrial hearing on the
day of trial, Appellant objected to the State=s notices as untimely and inadequate. 
The trial court deferred ruling on the objections until the punishment
phase of trial.  At the beginning of the
punishment phase, Appellant again objected to the notice as untimely.  The trial court ruled that the notice was
timely.  The State then put on a
fingerprint expert, who testified that Appellant=s fingerprints matched the fingerprint records in State=s exhibits 9 through 15.  When
the State offered exhibits 9 through 15, Appellant again objected that the
State=s notice was untimely, and the trial court again overruled his
objection. 








The State then offered
exhibits 16 through 22, all of which were prior-conviction records but none of
which contained fingerprint evidence. 
Exhibits 16 and 17 pertain to the burglary conviction alleged by the
State to enhance Appellant=s punishment.  Appellant made
various objections to the records, some of which are made the basis of this
appeal and all of which were overruled by the trial court.  Ultimately, the trial court admitted all of
the prior-conviction records. 

                                             Discussion

1.     Did the State provide reasonable notice of its intent to offer
evidence of prior convictions?

 

In his first point, Appellant
argues that the trial court erred by admitting the prior-conviction records at
punishment because the State=s notice of intent to use those records was untimely as to all and
deficient as to some.  The State responds
that the notice was reasonable because Appellant has not demonstrated surprise.

The prior-conviction records
of which Appellant complains fall into two categories.  In the first category is the prior conviction
for burglary listed in the eleven-days-before-trial notice and used by the
State to enhance punishment.  In the
second category are the other prior convictions listed in the
six-days-before-trial notice and not used to enhance punishment.  We will address the two categories
separately.








We review the admission of
evidence of extraneous offenses for an abuse of discretion.  See Mitchell v. State, 931 S.W.2d 950, 953
(Tex. Crim. App. 1996).  That means we
will affirm the trial court=s decision if it is within Athe zone of reasonable disagreement.@  Salazar v. State, 38
S.W.3d 141, 153‑54 (Tex. Crim. App. 2001), cert. denied, 534 U.S.
855 (2001).

With regard to State=s exhibits 16 and 17, the burglary conviction used to enhance
punishment, a notice of intent to use a prior conviction to enhance punishment
is presumptively reasonable if given at least ten days before trial.[2]  Williams v. State, 172 S.W.3d 730, 734
(Tex. App.CFort Worth 2005,
pet. ref=d); Hudson v. State, 145 S.W.3d 323, 326 (Tex. App.CFort Worth 2004, pet. ref=d); Fairrow v. State, 112 S.W.3d 288, 294-95 (Tex. App.CDallas 2003, no pet.); Sears v. State, 91 S.W.3d 451, 455 (Tex.
App.CBeaumont 2002, no pet.).  The
State gave Appellant eleven days= notice of its intent to use the burglary conviction to enhance
punishment; thus, the notice was presumptively reasonable.  Appellant made no attempt to overcome this
presumption.  We therefore hold that the
State=s notice was reasonable as to the burglary conviction.








We turn now to the
convictions not used to enhance punishment and of which Appellant had six days= notice.  During punishment, the
State may offer evidence as to any matter the court deems relevant to
sentencing, including but not limited to the prior criminal record of the
defendant.  Tex. Code Crim. Proc. Ann. art. 37.07, ' 3(a) (Vernon Supp. 2005).  The
State, on timely request by the defendant, must give reasonable notice of
extraneous crimes or bad acts that the State intends to introduce during the
punishment phase.  Id., ' 3(g).  The purpose of
reasonable notice is to allow the defendant adequate time to prepare for the
State=s introduction of the extraneous offenses at trial.  Scott v. State, 57 S.W.3d 476, 480
(Tex. App.CWaco 2001,
pet. ref=d); Self v. State, 860 S.W.2d 261, 264 (Tex. App.CFort Worth 1993, pet. ref=d).  This avoids unfair surprise
and trial by ambush.  Nance v. State,
946 S.W.2d 490, 493 (Tex. App.CFort Worth 1997, pet. ref=d).  The reasonableness of the
notice turns on the facts and circumstances of each case.  Scott, 57 S.W.3d at 480.








In this case, there is
nothing in the record to suggest that Appellant was surprised by the State=s offer of the prior convictions or that he lacked adequate time to
prepare for same.  Appellant repeatedly
objected to the State=s notice of
intent as untimely.  The gist of his
objections was that he requested thirty days= notice but the State only gave him six.  Appellant did not explain why six days= notice was unreasonable under the circumstances or claim
surprise.  In fact, during a conference
outside the jury=s presence
shortly before the State offered the prior-conviction records, Appellant=s counsel stated, AI=m not
alleging surprise.  I would not be
untruthful or mislead the tribunal.@[3]  We hold that under the
circumstances presented by this case, the six days= notice provided by the State was not unreasonable.

Appellant next argues that
the State=s notice was
deficient because it either omitted the date of conviction or failed to name
the offense for some of the prior convictions. 
The notice provided by the State recited the cause number for every
prior conviction actually offered by the State at trial except for (1) a DWI
conviction for which the State provided the cause number and county of
conviction but listed the offense as Aunknown@ and recited
the wrong date of conviction and (2) another DWI for which the State provided
the date of the offense, the name of the offense, and the county of conviction,
but omitted the cause number.  In a
letter dated the day of trial, the State identified the first DWI as a DWI and
provided the cause number for the second DWI.








  Article 37.07 does not mandate any particular
form or content for a prior-convictions notice; instead, it simply requires
reasonable notice.  See Tex. Code Crim. Proc. Ann. art. 37.07, ' 3(g).  Appellant cites no
authority in his brief, and we have found none, for the proposition that the
State=s notice must recite the cause number, county, and date of conviction
of each prior conviction it intends to offer at punishment.  The case Appellant cited in the trial court
applies to prior convictions used to enhance punishment, not those merely
offered as extraneous offenses.  See
Koltar v. State, 706 S.W.2d 697, 701 (Tex. App.CCorpus Christi 1986, pet. ref=d).  Moreover, as we have
already noted, Appellant failed to show that he was surprised by
prior-conviction records offered by the State at trial or that he lacked an
adequate opportunity to prepare his defense to them.  We hold that the State=s notice was reasonably specific under the circumstances presented
here.

We hold that the trial court
did not abuse its discretion by admitting the records of Appellant=s prior convictions, and we overrule Appellant=s first point.

2.     Did the State prove that Appellant was the defendant in the
prior convictions?

 

In his second point,
Appellant argues that the trial court abused its discretion by admitting
prior-conviction records contained in State=s exhibits 16 through 22 because the State failed to show that
Appellant was the person convicted.













It is well settled that a
prior conviction alleged for enhancement or as a part of a criminal record of a
defendant under article 37.07, ' 3(a) may be established by certified copies of a judgment and a
sentence and authenticated copies of the penitentiary records including
fingerprints, supported by expert testimony identifying them as identical with
known prints of the defendant. Beck v. State, 719 S.W.2d 205, 209 (Tex.
Crim. App. 1986).  While this may be the
most popular method of proving a prior conviction, it is only one method or way
of proving prior convictions.  Id.  Many other methods have been used and found
to be sufficient.  See, e.g., Branch
v. State, 932 S.W.2d 577, 584 (Tex. App.CTyler 1995, no pet.) (holding combination of testimony concerning
defendant=s driver=s license number and date of birth; driving record reflecting license
number, date of birth, and prior conviction docket numbers; and prior
conviction records reciting docket numbers sufficient to connect convictions to
defendant); see also Littles v. State, 726 S.W.2d 26, 32 (Tex. Crim.
App. 1987) (op. on reh=g) (holding
combination of expert testimony concerning fingerprint comparison and
photograph comparison by jury sufficient); Gollin v. State, 554 S.W.2d
683, 686-87 (Tex. Crim. App. 1977) (holding testimony that photograph and
physical description in pen packet was the defendant was sufficient); Garza
v. State, 548 S.W.2d 55, 56-57 (Tex. Crim. App. 1977) (holding stipulations
of a defendant sufficient); Ward v. State, 505 S.W.2d 832, 837 (Tex.
Crim. App. 1974) (holding testimony of a witness who personally knew defendant
and the fact of his prior conviction sufficient).  These methods are not exclusive.  As the court of criminal appeals noted in Human
v. State,

[T]he
proof that is adduced to establish that the defendant on trial is one and the
same person that is named in an alleged prior criminal conviction closely
resembles pieces of a jigsaw puzzle.  The
pieces standing alone usually have little meaning.  However, when the pieces are fitted together,
they usually form the larger picture of the person who committed the alleged
prior conviction or convictions.

 

749
S.W.2d 832, 835-36 (Tex. Crim. App. 1988).

 








In this case, State=s exhibits 16 though 22 are certified records of prior
convictions.  Exhibit 16 is the Apen packet@ relating to
a prior burglary conviction; exhibit 17 is the district court=s records of the same conviction. 
Exhibit 16 contains a photograph of the person identified as Matias Hernandez
Jr. and recites the trial court docket number.[4]  Exhibit 17 recites the same docket number and
reflects the defendant=s date of
birth and Social Security number. 
Exhibits 18 and 19 pertain to two DWI convictions.  Exhibit 19 recites the defendant=s date of birth and Social Security number, contains a detailed physical
description of the defendant, and contains a copy of the judgment reflected in
Exhibit 18.  Exhibit 20 recites the
defendant=s date of
birth and Social Security number and contains a detailed physical description of
the defendant.  Exhibit 21 contains a
photograph and reflects the defendant=s date of birth and Social Security number.  Exhibit 22 reflect=s the defendant=s driver=s license number.

At the guilt/innocence phase
of trial, the police officer who arrested Appellant testified that Appellant
told him his date of birth, driver=s license number, and Social Security number.  Those numbers match the data reflected in
exhibits 16 through 22.  Also at
guilt/innocence, the State offered exhibit 8, the record of another DWI
conviction.  Exhibit 8 contained
fingerprint records, and expert testimony established that the fingerprints
matched Appellant=s.  Exhibit 8 also reflected Appellant=s driver=s license
number, date of birth, and Social Security number and included a photocopy of
Appellant=s driver=s license containing his photograph and reflecting his date of birth,
driver=s license number, and physical description.








The testimony of the
arresting officer and the fingerprint expert, combined with data in exhibit 8,
established Appellant=s date of
birth, Social Security number, and driver=s license number.  Those same
numbers, reflected in various combinations in exhibits 16 through 22, were
sufficient to tie exhibits 16 though 22 to Appellant.  The photograph and physical description in
exhibit 8, and the fact that Appellant was in court and visible to the trial
judge and jury throughout trial, provide additional identification support to
exhibits 16, 19, and 20.  We therefore
hold that the trial court did not abuse its discretion by admitting exhibits 16
though 22 over Appellant=s
lack-of-identification objection and overrule Appellant=s second point.

3.     Are some of the prior convictions void because Appellant
contends that he was denied the right to counsel with regard to those
convictions?

 

In his third point, Appellant
argues that the trial court abused its discretion by admitting State=s exhibits 19, 20, and 22 because Appellant was denied the right to
counsel when the convictions reflected in those exhibits were obtained.








A prior conviction used to
enhance a subsequent offense may be collaterally attacked on direct appeal of
the subsequent conviction if the prior conviction is void or if it is tainted
by a constitutional defect.  Galloway
v. State, 578 S.W.2d 142, 143 (Tex. Crim. App. 1979).  Such a prior conviction is void when the
record demonstrates that the accused (1) was not represented by counsel, (2)
was indigent, and (3) had not made a knowing and intelligent waiver of his
constitutional right to counsel.  Disheroon
v. State, 687 S.W.2d 332, 334 (Tex. Crim. App. 1985).  When prior convictions are collaterally attacked,
the judgments reflecting those prior convictions are presumed to be regular,
and the accused bears the burden of overcoming that presumption. Campise v.
State, 745 S.W.2d 534, 535 (Tex. App.CHouston [1st Dist.] 1988, no pet.). 
The presumption of regularity is a judicial construction that requires a
reviewing court, absent evidence of impropriety, to indulge every presumption
in favor of the regularity of the proceedings and documents in the lower
court.  Light v. State, 15 S.W.3d
104, 107 (Tex. Crim. App. 2000).  Mere
assertions by a defendant that he was without the assistance of counsel at a
prior conviction are not sufficient to overcome the presumption of regularity
of the records before the court.  Maddox
v. State, 591 S.W.2d 898, 903 (Tex. Crim. App. 1979), cert. denied,
447 U.S. 909 (1980).

Appellant objected to exhibit
19 as a void conviction Abecause the
appropriate waiver of . . . counsel is not associated with any cause number[.]@ He objected to exhibit 20 because he Ahad no attorney and this document does not contain any kind of
indication that he knowingly waived having counsel[.]@ As for exhibit 22, Appellant conceded that the record of conviction
reflected that he was represented by counsel but objected to the conviction as
void because the attorney=s signature
did not appear on any of the documents. 








The judgments in exhibits 19
and 20 recite that A[a]fter due
inquiry, the Court found that the Defendant knowingly and intelligently and
voluntarily waived the right to representation by counsel[.]@  The judgment in exhibit 22
recites that the defendant=s attorney appeared for trial. 
Appellant did nothing to overcome the presumption of regularity of the
prior convictions.  We therefore hold
that the trial court did not abuse its discretion by admitting exhibits 19, 20,
and 22, and we overrule Appellant=s third point.

4.     Was the evidence legally and factually sufficient to support the
jury=s
punishment verdict?

 

In his fourth and fifth
points, Appellant argues that the evidence is legally and factually
insufficient to support the jury=s verdict as to punishment.

In reviewing the legal
sufficiency of the evidence to support a conviction, we view all the evidence
in the light most favorable to the verdict in order to determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Hampton v.
State, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).








In reviewing the factual
sufficiency of the evidence to support a conviction, we are to view all the
evidence in a neutral light, favoring neither party.  See Zuniga v. State, 144 S.W.3d 477,
481 (Tex. Crim. App. 2004).  The only
question to be answered in a factual sufficiency review is whether, considering
the evidence in a neutral light, the fact finder was rationally justified in
finding guilt beyond a reasonable doubt. 
Id. at 484.   In performing
a factual sufficiency review, we are to give deference to the fact finder=s determinations, including determinations involving the credibility
and demeanor of witnesses.  Id. at
481; Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for the
fact finder=s.  Zuniga, 144 S.W.3d at 482.

Appellant=s legal and factual sufficiency arguments hinge on the idea that the
trial court improperly admitted State=s exhibits 16 through 22.  We
have already determined that the trial court did not abuse its discretion by
admitting those exhibits; thus, we reject Appellant=s arguments.

To the extent that Appellant
argues that the prior-conviction records themselves were legally and factually
insufficient to prove beyond a reasonable doubt that Appellant was the
defendant in the prior convictions, we also disagree.  We have already detailed the connections
between Appellant and the defendant in the prior convictions and concluded that
the trial court did not abuse its discretion by admitting those records.  Considering those same connections in the
light most favorable to the verdict, we hold that a rational juror could have
determined beyond a reasonable doubt that Appellant was the defendant in each
prior conviction.  Considering those
connections in a neutral light, we further hold that the jury was rationally
justified in finding beyond a reasonable doubt that Appellant was the defendant
in the prior convictions.








The punishment evidence,
combined with the proof offered at guilt/innocence of some of Appellant=s other, prior DWI convictions, shows that Appellant had seven prior
convictions for DWI, five prior convictions for driving with a suspended
license, and one prior conviction each for burglary, assault, aggravated
assault, and evading arrest.  Appellant
offered no punishment evidence.  We hold
that the evidence was both legally and factually sufficient to support the jury=s punishment verdict and overrule Appellant=s fourth and fifth points.

                                             Conclusion

Having overruled all of
Appellant=s points, we
affirm the judgment of the trial court. 

 

 

ANNE GARDNER

JUSTICE

 

PANEL F:    CAYCE, C.J.; LIVINGSTON and GARDNER, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  May 25, 2006











[1]See Tex. R. App. P. 47.4.





[2]It is
not clear from Appellant=s
brief that he asserts error with regard to the State=s
notice to use the burglary conviction. 
We address the question in the interest of justice.





[3]It is
not entirely clear whether counsel was referring to the burglary conviction,
the other convictions, or all of the convictions when he made this statement.





[4]Exhibit
16 also contains a set of fingerprints, but the poor quality of the photocopy
renders them useless.