HERNANDEZ V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-05-161-CR

MATIAS HERNANDEZ A/K/A APPELLANT

MATIAS HERNANDEZ, JR.

V.

THE STATE OF TEXAS STATE

------------

FROM THE 415TH DISTRICT COURT OF PARKER COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury convicted Appellant Matias Hernandez of felony driving while intoxicated, found an enhancement allegation to be “true,” and assessed punishment at eighteen years’ imprisonment and a $2,000 fine.  The trial court entered judgment accordingly.  In five points on appeal, Appellant complains that the trial court erred by admitting evidence of several other offenses and convictions at the punishment phase of trial and that the evidence was legally and factually insufficient to support the jury’s verdict as to punishment.  We affirm.

Background

Appellant was indicted for driving while intoxicated, and the indictment alleged four prior DWI convictions.  The case was tried to a jury.  None of Appellant’s points arise from the guilt/innocence phase of trial, so it will suffice to say that the jury found him guilty as charged in the indictment.  

During the punishment phase of trial, the State offered, and the trial court admitted, records pertaining to thirteen prior convictions.  Appellant’s points all arise from these records, so we will examine them and the procedural history leading up to their admission in detail.

Three months before trial, Appellant properly filed a request for notice of extraneous offenses to be used for enhancement under article 37.07(3)(g) and rule of evidence 404(b).  
See 
Tex. Code Crim. Proc. Ann.
 art
. 37.07, § 3(g) (Vernon Supp. 2005); 
Tex. R. Evid
. 404(b)
.  Eleven days before trial, the State filed a notice of intent to use a single prior conviction for burglary to enhance punishment.  Six days before trial, the State faxed a letter to Appellant’s counsel listing sixteen convictions that the State intended to offer in addition to the four prior DWIs alleged in the indictment and the burglary disclosed in the prior notice.  Three of the sixteen convictions were for DWI, seven were for driving with a suspended license, one was for assault-family violence, one was for aggravated assault, one was for possession of marijuana, and two were listed as “offense unknown.”  By letter dated the day before trial, the State notified Appellant’s counsel that one of the two “offense unknown” convictions was for DWI.  

At a pretrial hearing on the day of trial, Appellant objected to the State’s notices as untimely and inadequate.  The trial court deferred ruling on the objections until the punishment phase of trial.  At the beginning of the punishment phase, Appellant again objected to the notice as untimely.  The trial court ruled that the notice was timely.  The State then put on a fingerprint expert, who testified that Appellant’s fingerprints matched the fingerprint records in State’s exhibits 9 through 15.  When the State offered exhibits 9 through 15, Appellant again objected that the State’s notice was untimely, and the trial court again overruled his objection. 

The State then offered exhibits 16 through 22, all of which were prior-conviction records but none of which contained fingerprint evidence.  Exhibits 16 and 17 pertain to the burglary conviction alleged by the State to enhance Appellant’s punishment.  Appellant made various objections to the records, some of which are made the basis of this appeal and all of which were overruled by the trial court.  Ultimately, the trial court admitted all of the prior-conviction records. 

Discussion

1. Did the State provide reasonable notice of its intent to offer evidence of prior convictions?

In his first point, Appellant argues that the trial court erred by admitting the prior-conviction records at punishment because the State’s notice of intent to use those records was untimely as to all and deficient as to some.  The State responds that the notice was reasonable because Appellant has not demonstrated surprise.

The prior-conviction records of which Appellant complains fall into two categories.  In the first category is the prior conviction for burglary listed in the eleven-days-before-trial notice and used by the State to enhance punishment.  In the second category are the other prior convictions listed in the six-days-before-trial notice and not used to enhance punishment.  We will address the two categories separately.

We review the admission of evidence of extraneous offenses for an abuse of discretion. 
 See Mitchell v. State
, 931 S.W.2d 950, 953 (Tex. Crim. App. 1996).  That means we will affirm the trial court’s decision if it is within “the zone of reasonable disagreement.”  
Salazar v. State
, 38 S.W.3d 141, 153-54 (Tex. Crim. App. 2001),
 cert. denied
, 534 U.S. 855 (2001).

With regard to State’s exhibits 16 and 17, the burglary conviction used to enhance punishment, a notice of intent to use a prior conviction to enhance punishment is presumptively reasonable if given at least ten days before trial.
(footnote: 2)  
Williams v. State
, 172 S.W.3d 730, 734 (Tex. App.—Fort Worth 2005, pet. ref’d); 
Hudson v. State
, 145 S.W.3d 323, 326 (Tex. App.—Fort Worth 2004, pet. ref’d); 
Fairrow v. State
, 112 S.W.3d 288, 294-95 (Tex. App.—Dallas 2003, no pet.); 
Sears v. State
, 91 S.W.3d 451, 455 (Tex. App.—Beaumont 2002, no pet.).  The State gave Appellant eleven days’ notice of its intent to use the burglary conviction to enhance punishment; thus, the notice was presumptively reasonable.  Appellant made no attempt to overcome this presumption.  We therefore hold that the State’s notice was reasonable as to the burglary conviction.

We turn now to the convictions not used to enhance punishment and of which Appellant had six days’ notice.  During punishment, the State may offer evidence as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant.  
Tex. Code Crim. Proc. Ann. 
art. 37.07, § 3(a) (Vernon Supp. 2005).  The State, on timely request by the defendant, must give reasonable notice of extraneous crimes or bad acts that the State intends to introduce during the punishment phase.  
Id
., § 3(g).  The purpose of reasonable notice is to allow the defendant adequate time to prepare for the State’s introduction of the extraneous offenses at trial.  
Scott v. State
, 57 S.W.3d 476, 480 (Tex. App.—Waco 2001, pet. ref’d)
; Self v. State
, 860 S.W.2d 261, 264 (Tex. App.—Fort Worth 1993, pet. ref’d)
.  This avoids unfair surprise and trial by ambush.  
Nance v. State
, 946 S.W.2d 490, 493 (Tex. App.—Fort Worth 1997, pet. ref’d).  The reasonableness of the notice turns on the facts and circumstances of each case.  
Scott
, 57 S.W.3d at 480.

In this case, there is nothing in the record to suggest that Appellant was surprised by the State’s offer of the prior convictions or that he lacked adequate time to prepare for same.  Appellant repeatedly objected to the State’s notice of intent as untimely.  The gist of his objections was that he requested thirty days’ notice but the State only gave him six.  Appellant did not explain why six days’ notice was unreasonable under the circumstances or claim surprise.  In fact, during a conference outside the jury’s presence shortly before the State offered the prior-conviction records, Appellant’s counsel stated, “I’m not alleging surprise.  I would not be untruthful or mislead the tribunal.”
(footnote: 3)  We hold that under the circumstances presented by this case, the six days’ notice provided by the State was not unreasonable.

Appellant next argues that the State’s notice was deficient because it either omitted the date of conviction or failed to name the offense for some of the prior convictions.  The notice provided by the State recited the cause number for every prior conviction actually offered by the State at trial except for (1) a DWI conviction for which the State provided the cause number and county of conviction but listed the offense as “unknown” and recited the wrong date of conviction and (2) another DWI for which the State provided the date of the offense, the name of the offense, and the county of conviction, but omitted the cause number.  In a letter dated the day of trial, the State identified the first DWI as a DWI and provided the cause number for the second DWI.

  Article 37.07 does not mandate any particular form or content for a prior-convictions notice; instead, it simply requires reasonable notice.  
See 
Tex. Code Crim. Proc. Ann.
 art.
 37.07, § 3(g).  Appellant cites no authority in his brief, and we have found none, for the proposition that the State’s notice must recite the cause number, county, and date of conviction of each prior conviction it intends to offer at punishment.  The case Appellant cited in the trial court applies to prior convictions used to enhance punishment, not those merely offered as extraneous offenses.  
See
 
Koltar v. State
, 706 S.W.2d 697, 701 (Tex. App.—Corpus Christi 1986, pet. ref’d).  Moreover, as we have already noted, Appellant failed to show that he was surprised by prior-conviction records offered by the State at trial or that he lacked an adequate opportunity to prepare his defense to them.  We hold that the State’s notice was reasonably specific under the circumstances presented here.

We hold that the trial court did not abuse its discretion by admitting the records of Appellant’s prior convictions, and we overrule Appellant’s first point.

2. Did the State prove that Appellant was the defendant in the prior convictions?

In his second point, Appellant argues that the trial court abused its discretion by admitting prior-conviction records contained in State’s exhibits 16 through 22 because the State failed to show that Appellant was the person convicted.

It is well settled that a prior conviction alleged for enhancement or as a part of a criminal record of a defendant under 
article 37.07, § 3(a) may be established by certified copies of a judgment and a sentence and authenticated copies of the penitentiary records including fingerprints, supported by expert testimony identifying them as identical with known prints of the defendant. 
Beck v. State
, 719 S.W.2d 205, 209 (Tex. Crim. App. 1986).  While this may be the most popular method of proving a prior conviction, it is only one method or way of proving prior convictions.  
Id.
  Many other methods have been used and found to be sufficient.  
See, e.g., Branch v. State, 
932 S.W.2d 577, 584 (Tex. App.—Tyler 1995, no pet.) (holding combination of testimony concerning defendant’s driver’s license number and date of birth; driving record reflecting license number, date of birth, and prior conviction docket numbers; and prior conviction records reciting docket numbers sufficient to connect convictions to defendant); 
see also Littles v. State
, 726 S.W.2d 26, 32 (Tex. Crim. App. 1987) (op. on reh’g) (holding combination of expert testimony concerning fingerprint comparison and photograph comparison by jury sufficient); 
Gollin v. State
, 554 S.W.2d 683, 686-87 (Tex. Crim. App. 1977) (holding testimony that photograph and physical description in pen packet was the defendant was sufficient); 
Garza v. State
, 548 S.W.2d 55, 56-57 (Tex. Crim. App. 1977) (holding stipulations of a defendant sufficient); 
Ward v. State
, 505 S.W.2d 832, 837 (Tex. Crim. App. 1974) (holding testimony of a witness who personally knew defendant and the fact of his prior conviction sufficient).  These methods are not exclusive.  As the court of criminal appeals noted in 
Human v. State
,

[T]he proof that is adduced to establish that the defendant on trial is one and the same person that is named in an alleged prior criminal conviction closely resembles pieces of a jigsaw puzzle.  The pieces standing alone usually have little meaning.  However, when the pieces are fitted together, they usually form the larger picture of the person who committed the alleged prior conviction or convictions.

749 S.W.2d 832, 835-36 (Tex. Crim. App. 1988).

In this case, State’s exhibits 16 though 22 are certified records of prior convictions.  Exhibit 16 is the “pen packet” relating to a prior burglary conviction; exhibit 17 is the district court’s records of the same conviction.  Exhibit 16 contains a photograph of the person identified as Matias Hernandez Jr. and recites the trial court docket number.
(footnote: 4)  Exhibit 17 recites the same docket number and reflects the defendant’s date of birth and Social Security number.  Exhibits 18 and 19 pertain to two DWI convictions.  Exhibit 19 recites the defendant’s date of birth and Social Security number, contains a detailed physical description of the defendant, and contains a copy of the judgment reflected in Exhibit 18.  Exhibit 20 recites the defendant’s date of birth and Social Security number and contains a detailed physical description of the defendant.  Exhibit 21 contains a photograph and reflects the defendant’s date of birth and Social Security number.  Exhibit 22 reflect’s the defendant’s driver’s license number.

At the guilt/innocence phase of trial, the police officer who arrested Appellant testified that Appellant told him his date of birth, driver’s license number, and Social Security number.  Those numbers match the data reflected in exhibits 16 through 22.  Also at guilt/innocence, the State offered exhibit 8, the record of another DWI conviction.  Exhibit 8 contained fingerprint records, and expert testimony established that the fingerprints matched Appellant’s.  Exhibit 8 also reflected Appellant’s driver’s license number, date of birth, and Social Security number and included a photocopy of Appellant’s driver’s license containing his photograph and reflecting his date of birth, driver’s license number, and physical description.

The testimony of the arresting officer and the fingerprint expert, combined with data in exhibit 8, established Appellant’s date of birth, Social Security number, and driver’s license number.  Those same numbers, reflected in various combinations in exhibits 16 through 22, were sufficient to tie exhibits 16 though 22 to Appellant.  The photograph and physical description in exhibit 8, and the fact that Appellant was in court and visible to the trial judge and jury throughout trial, provide additional identification support to exhibits 16, 19, and 20.  We therefore hold that the trial court did not abuse its discretion by admitting exhibits 16 though 22 over Appellant’s lack-of-identification objection and overrule Appellant’s second point.

3. Are some of the prior convictions void because Appellant contends that he was denied the right to counsel with regard to those convictions?

In his third point, Appellant argues that the trial court abused its discretion by admitting State’s exhibits 19, 20, and 22 because Appellant was denied the right to counsel when the convictions reflected in those exhibits were obtained.

A prior conviction used to enhance a subsequent offense may be collaterally attacked on direct appeal of the subsequent conviction if the prior conviction is void or if it is tainted by a constitutional defect.  
Galloway v. State
, 578 S.W.2d 142, 143 (Tex. Crim. App. 1979).  Such a prior conviction is void when the record demonstrates that the accused (1) was not represented by counsel, (2) was indigent, and (3) had not made a knowing and intelligent waiver of his constitutional right to counsel.  
Disheroon v. State
, 687 S.W.2d 332, 334 (Tex. Crim. App. 1985).  When prior convictions are collaterally attacked, the judgments reflecting those prior convictions are presumed to be regular, and the accused bears the burden of overcoming that presumption. 
Campise v. State
, 745 S.W.2d 534, 535 (Tex. App.—Houston [1st Dist.] 1988, no pet.).  The presumption of regularity is a judicial construction that requires a reviewing court, absent evidence of impropriety, to indulge every presumption in favor of the regularity of the proceedings and documents in the lower court.  
Light v. State
, 15 S.W.3d 104, 107 (Tex. Crim. App. 2000).  Mere assertions by a defendant that he was without the assistance of counsel at a prior conviction are not sufficient to overcome the presumption of regularity of the records before the court.  
Maddox v. State
, 591 S.W.2d 898, 903 (Tex. Crim. App. 1979), 
cert. denied
, 447 U.S. 909 (1980).

Appellant objected to exhibit 19 as a void conviction “because the appropriate waiver of . . . counsel is not associated with any cause number[.]” He objected to exhibit 20 because he “had no attorney and this document does not contain any kind of indication that he knowingly waived having counsel[.]” As for exhibit 22, Appellant conceded that the record of conviction reflected that he was represented by counsel but objected to the conviction as void because the attorney’s signature did not appear on any of the documents. 

The judgments in exhibits 19 and 20 recite that “[a]fter due inquiry, the Court found that the Defendant knowingly and intelligently and voluntarily waived the right to representation by counsel[.]”  The judgment in exhibit 22 recites that the defendant’s attorney appeared for trial.  Appellant did nothing to overcome the presumption of regularity of the prior convictions.  We therefore hold that the trial court did not abuse its discretion by admitting exhibits 19, 20, and 22, and we overrule Appellant’s third point.

4. Was the evidence legally and factually sufficient to support the jury’s punishment verdict?

In his fourth and fifth points, Appellant argues that the evidence is legally and factually insufficient to support the jury’s verdict as to punishment.

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Hampton v. State
, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).

In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party.  
See Zuniga v. State
, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004).  The only question to be answered in a factual sufficiency review is whether, considering the evidence in a neutral light, the fact finder was rationally justified in finding guilt beyond a reasonable doubt.  
Id
. at 484. 
  In performing a factual sufficiency review, we are to give deference to the fact finder’s determinations, including determinations involving the credibility and demeanor of witnesses.  
Id.
 at 481; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for the fact finder’s.  
Zuniga, 
144 S.W.3d at 482.

Appellant’s legal and factual sufficiency arguments hinge on the idea that the trial court improperly admitted State’s exhibits 16 through 22.  We have already determined that the trial court did not abuse its discretion by admitting those exhibits; thus, we reject Appellant’s arguments.

To the extent that Appellant argues that the prior-conviction records themselves were legally and factually insufficient to prove beyond a reasonable doubt that Appellant was the defendant in the prior convictions, we also disagree.  We have already detailed the connections between Appellant and the defendant in the prior convictions and concluded that the trial court did not abuse its discretion by admitting those records.  
Considering those same connections in the light most favorable to the verdict, we hold that a rational juror could have determined beyond a reasonable doubt that Appellant was the defendant in each prior conviction.  Considering those connections in a neutral light, we further hold that the jury was rationally justified in finding beyond a reasonable doubt that Appellant was the defendant in the prior convictions.

The punishment evidence, combined with the proof offered at guilt/innocence of some of Appellant’s other, prior DWI convictions, shows that Appellant had seven prior convictions for DWI, five prior convictions for driving with a suspended license, and one prior conviction each for burglary, assault, aggravated assault, and evading arrest.  Appellant offered no punishment evidence.  We hold that the evidence was both legally and factually sufficient to support the jury’s punishment verdict and overrule Appellant’s fourth and fifth points.

Conclusion

Having overruled all of Appellant’s points, we affirm the judgment of the trial court.
 

ANNE GARDNER

JUSTICE

PANEL F: CAYCE, C.J.; LIVINGSTON and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  May 25, 2006

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
It is not clear from Appellant’s brief that he asserts error with regard to the State’s notice to use the burglary conviction.  We address the question in the interest of justice.

3:
It is not entirely clear whether counsel was referring to the burglary conviction, the other convictions, or all of the convictions when he made this statement.

4:
Exhibit 16 also contains a set of fingerprints, but the poor quality of the photocopy renders them useless.