ACCEPTED
13-14-00380-CR
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
9/3/2015 3:00:49 PM
Dorian E. Ramirez
CLERK

| | |
|---|---|
| **LAWRENCE JAMES, JR.,** | § |
| *Appellant* | § |
| | § |
| | § |
| | § |
| | § |
| | § |
| **v.** | § |
| | § |
| | § |
| | § |
| | § |
| | § |
| **THE STATE OF TEXAS,** | § |
| *Appellee* | § |

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS

9/3/2015 3:00:49 PM

Cause No. 13-14-00380-CR
DORIAN E. RAMIREZ
Clerk

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## IN THE COURT OF APPEALS
## 13TH DISTRICT – CORPUS CHRISTI

# BRIEF OF APPELLANT

ON APPEAL IN CAUSE NO. 12-14114
252Nd DISTRICT COURT
HON. LARRY GIST, JUDGE PRESIDING[1]

KEVIN SEKALY CRIBBS
ATTORNEY AT LAW
7705 Calder Avenue,
Beaumont, Texas 77706
TELEPHONE: (409) 899-2051
FACSIMILE: (409)866-9282
sekalyfirm@yahoo.com
TEXAS BAR NO. 00792826

---

[1] This case was originally indicted in 2012 when Hon. Layne Walker presided over the 252nd District Court. Subsequently Hon. Lindsey Scott was appointed to preside over that court. Having worked on this case in the District Attorney's office prior to her appointment to the Bench, she disqualified herself for any court proceedings (R.R.26) on this case and it was thereafter referred to Hon. Larry Gist for trial.

## IDENTIFICATION OF THE PARTIES

Pursuant to TX R APP Rule 38.1(a), a complete list of the names of all interested parties is provided below so the members of this Honorable Court may at once determine whether they are disqualified to serve or should recuse themselves from participating in the decision of the case.

Appellant:　　　　　　　　LAWRENCE JAMES, JR.., No. 1940637,
　　　　　　　　　　　　Eastham Unit, 2665 Prison Rd. #1, Lovelady, TX 75851

Defense Attorney on the Trial:　　　Nathan Reynolds, Jr,
　　　　　　　　　　　　　　3500 Memorial Blvd.
　　　　　　　　　　　　　　Port Arthur, Texas 77640

Defense Attorney on Appeal (Anders):　Terrence Leon Holmes
　　　　　　　　　　　　　　455 Milam
　　　　　　　　　　　　　　Beaumont, Texas 77705

Substituted Attorney on Appeal:　　Kevin Sekaly Cribbs
　　　　　　　　　　　　　　7705 Calder Avenue
　　　　　　　　　　　　　　Beaumont, TX  77706

Prosecutors on the Trial:　　　　Eric Houghton
　　　　　　　　　　　　　　Jefferson County District Attorney's Ofc.
　　　　　　　　　　　　　　Jefferson County Courthouse
　　　　　　　　　　　　　　1085 Pearl
　　　　　　　　　　　　　　Beaumont, Texas 77701

Criminal District Attorney　　　Cory Crenshaw, serving by special
　　　　　　　　　　　　　　Appointment after Tom Maness' resig-
　　　　　　　　　　　　　　nation (DA at time of indictment)
　　　　　　　　　　　　　　Jefferson County Courthouse
　　　　　　　　　　　　　　1085 Pearl
　　　　　　　　　　　　　　Beaumont, Texas 77701

Judge Presiding:

Hon. Larry Gist (See footnote 1, above)
Jefferson County Courthouse
Beaumont, Texas 77701

TABLE OF CONTENTS

PAGE

STATEMENT OF THE CASE                                             8

STATEMENT OF FACTS                                               9

SUMMARY OF ISSUES PRESENTED                                      10

ISSUES PRESENTED                                                 11

**ARGUABLE POINT OF ERROR NO. ONE:**                            14
**APPELLANT CLAIMS THAT HE WAS DENIED DUE
PROCESS OF LAW BY BEING DENIED EFFECTIVE
ASSISTANCE OF COUNSEL.**

**ARGUABLE POINT OF ERROR NO. TWO:**                            21
**APPELLANT CLAIMS THAT HE WAS DENIED DUE
PROCESS OF LAW BY BEING DENIED AN OPEN AND
PUBLIC TRIAL.**

**ARGUABLE POINT OF ERROR NO. THREE:**                          21
**APPELLANT CLAIMS THAT HE WAS DENIED DUE
PROCESS OF LAW BECAUSE HE WAS NOT GIVEN NOTICE
OF THE CHANGES OF TRIAL JUDGE AND PROSECUTOR.**

**ARGUABLE POINT OF ERROR NO. FOUR:**                           22
**APPELLANT CLAIMS THAT HE WAS DENIED DUE
PROCESS OF LAW BECAUSE BASED UPON THE
ARGUMENTS OF THE PROSECUTOR AT THE SENTENCING
HEARING AND BY THE TRIAL COURT BY RELYING ON
THE PRESENTENCE REPORT AND ITS CONTENTS
RELATIVE TO EXTRANEOUS OFFENSES AND VICTIM
STATEMENTS.**

**ARGUABLE POINT OF ERROR NO. FIVE:**                           26

**APPELLANT CLAIMS THAT THE TRIAL COURT ERRED IN ACCEPTING APPELLANT'S GUILTY PLEA WITHOUT PROVIDING THE NECESSARY ADMONISHMENTS AND THEREFORE THE PLEA WAS INVOLUNTARY[2]**

**ARGUABLE POINT OF ERROR NO. SIX:**         30
**THE APPELLANT CLAIMS HIS DUE PROCESS RIGHTS WERE VIOLATED WHEN HE WAS NOT PROVIDED A COMPLETE RECORD/STATEMENT OF FACTS FROM HIS COURT PROCEDINGS.**

**ARGUABLE POINT OF ERROR NO. SEVEN:**         33
**THE NUNC PRO TUNC ADMONISHMENTS AND UNAGREED PLEA AGREEMENT DOES NOT PROPERLY CORRECT THE TRIAL COURT'S CLERICAL ERROR [DATE OF DOCUMENTS] AND SHOULD BE WITHDRAWN AND REPLACED WITH AN ORDER NUNC PRO TUNC.**

**ARGUABLE POINT OF ERROR NO. EIGHT:**         35
**THE TRIAL COURT ABUSED ITS DISCRETION IN NOT GRANTING APPELLANT'S MOTION TO DISMISS COURT-APPOINTED COUNSEL PRIOR TO TRIAL.**

**ARGUABLE POINT OF ERROR NO. NINE:**         38
**THE APPELLANT'S CASE SHOULD BE REMANDED AND RETURNED TO HIS PREJUDGMENT STATUS IN ORDER THAT HE MAY BE ALLOWED TO FILE A MOTION FOR NEW TRIAL.**

SUMMARY OF THE ARGUMENTS         12

ARGUMENT         14

---

[2] Counsel notes that Appellant makes claims of trial counsel's ineffective assistance that would support the court setting aside his guilty plea, however, as stated hereinbelow, that portion of his claim ineffective assistance of counsel as it relates to an involuntary plea should be developed in the writ of habeas corpus.

PRAYER                                    44

CERTIFICATE OF SERVICE                    45
4
CERTIFICATE OF COMPLIANCE                  45

**AUTHORITIES**

**Cases**                                                                    **Page**


*Archie v. State,* 221 S.W.3d 695 (Tex.Crim.App.2007)                         31
*Bell v. State*, 155 S.W.3d 635 (Tex. App., Texarkana 2005, no pet.)      25, 26
*Busselman v State*, 713 S.W.2d 711 (Tex.App. – Houston, 1st Dist. 1986)      39
*Chase v. State,* 706 S.W.2d 717 (Tex.App.—Corpus Christi 1986, no pet.)      36
*Cooper v. State*, 45 S.W.3d 77 (Tex. Crim. App. 2001)                        26
*Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354, 158
    L. Ed. 2d 177 (2004)                                                      24
*Dees v. State*, 722 S.W.2d 209 (Tex. App.-Corpus Christi 1986, pet. ref.)    34
*DeLuna v. State*, 387 S.W.2d 678 (Tex. Crim. App. 1965)                      34
*Enlow v State*, 46 S.W.3d 340 (Tex. App., Texarkana 2001, no pet.)           22
*Edwards v.* State, 652 S.W.2d 519 (Tex.App.—Houston
    [1st Dist.] 1983, pet. *ref'd)*                                          *17*
*Ex parte Torres,* 943 S.W.2d 469 (Tex.Crim.App.1997)                     18, 20
*Fryer v. State*, 68 S.W.3d 628 (Tex. Crim. App. 2002)                        23
*Garcia v State*, 930 S.W.2d 621 (Tex.App.-Tyler, 1996)                       17
*Gomez v. State,* 921 S.W.2d 329 (Tex.App.-Corpus Christi 1996, no pet.)      28
*Gonzalez v. State,* 994 S.W.2d 369 (Tex.App.—Waco 1999, no pet.)             18
*Goodspeed v. State,* 187 S.W.3d 390 (Tex.Crim.App.2005)                      15
*H*e*idelberg v. State,* 144 S.W.3d 535 (Tex.Crim.App.2004)                   31
*Hill v. State,* 686 S.W.2d 184 (Tex.Crim.App.1985)                           36
*Hobbs v. State,* 298 S.W.3d 193 (Tex.Crim.App.2009)                          38
*Holden v. State,* 201 S.W.3d 761 (Tex.Crim.App.2006)                         38
*Homan v. Hughes*, 708 S.W.2d 449 (Tex. Crim. App. 1986)                      34
*In the Matter of J.S.S., a Juvenile*, 20 SW3d 837 (Tex.App.-El Paso, 2000)   17
*Jackson v. State,* 877 S.W.2d 768 (Tex.Crim.App.1994)                        14
*Jaynes v. State,* 216 S.W.3d 839 (Tex.App.-Corpus Christi 2006, no pet.)     15
*Jones v. State,* 942 S.W.2d 1 (Tex.Crim.App.1997)                            31
*Landers v. State*, 550 S.W.2d 272 (Tex. Crim. App. 1977)                     17
*Maes v State*, 275 S.W.3d 68 (Tex.App.-Waco 2008)                        36, 37
*Martinez v. State,* 640 S.W.2d 317 (Tex.App.—San Antonio 1982, pet. ref'd)   36
*Martinez v. State,* 981 S.W.2d 195 (Tex.Crim.App.1998)                       27
*Munoz v. State,* 24 S.W.3d 427 (Tex.App.-Corpus Christi 2000, no pet.)       15

*Orellana v State,* 2015 WL 4381219 38, 39

*Perez v State,* 824 S.W.2d 565 (Tex.Crim.App. 1992, en banc) 30, 31

*Randle v. State,* 847 S.W.2d 576 (Tex.Crim.App.1993) 19

*Robinson v State*, 16 S.W. 3d 808 (Tex.Crim.App. 2000) 18, 21

*Robinson v State*, 240 S.W.3d 919 40

*Shaw v. State*, 539 S.W.2d 887 (Tex. Crim. App. 1976) 34

*Smith v. State*, 227 S.W.3d 753 (Tex. Crim. App. 2007) 23

*Smith v. State,* 286 S.W.3d 333 (Tex.Crim.App.2009) 38

*State v. Gonzalez,* 855 S.W.2d 692 (Tex.Crim.App.1993) 38

*Stewart* v. State, 675 S.W.2d 524, 525 (Tex.App.—Houston [14th Dist.] 1983, pet. ref' 17

*Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) 14, 15

*Stringer v. State*, 309 S.W.3d 42 (Tex. Crim. App. 2010) 24, 25

*Taguma v State*, 47 S.W.3d 663 (Corpus Christi – 2001) 32

*Trimmer v*. State, 651 S.W.2d 904, 906 (Tex.App.—Houston [1st Dist.] 1983, pet. ref'd) 17

*United States v. Fields*, 483 F.3d 313 (5th Cir. 2007) 25

*Valle v State,* 109 S.W.3d 500 (Tex.Crim.App. 2003) 31

*Webb v. State,* 533 S.W.2d 780 (Tex.Crim.App.1976) 36

*Williams v. New York*, 337 U.S. 241, 69 S. Ct. 1079, 93 L. Ed. 1337 (1949) 24

*Wilson v. State*, 108 S.W.3d 328 (Tex. App., Fort Worth 2003, no pet.) 23, 24

**Statutes**

Article 1, Section 10 of the Texas Constitution 17

Tex. Code Crim. Proc Art. 26.13 e 27

Tex. Code Crim. Proc. Art. 37.07(a)(1) 23, 25

Tex. Code Crim. Proc. Art. 37.07 § 3(a) 23

Tex. Code Crim. Proc., Art. 37.7 § 3(a)(1) 23

Tex. Code Crim. Proc. Art. 42.12, § 9 25, 26

Tex. Code Crim. Proc. Art. 42.12 § 9(a) 23

Tex. Code Crim. Proc. Art. 42.12, section 9(d), (e) 26

Tex. Code Crim. Proc. Ann. Art. 26.13 (a) (1) (Vernon 1989) 28

Tex. Code Crim. Proc. Ann. Art. 26.13 (c) (Vernon 1989) 28

Tex. Code Crim. Proc. Ann. Art. 26.13(d) (Vernon 1989) 28

Tex. Code Crim. Proc. Ann. Art. 11.07 20

Rules

Civ. Proc., Rule 316 33

R. App. Proc. 13.1                                                    31
R. App. Proc., Rule 21.8                                             43
Tex. R. Evid. 103(a)(1)                                              31
R.App.Proc. 33.1(a)                                                  31
R. App. Proc. 21                                                     18
R. App. Proc. 33.1                                               20, 31
Texas Rules of Evidence 404 and 405                                  22



LAWRENCE JAMES, JR.,                    §
     *Appellant* §
       §
       §
       §
       §  **Cause No. 13-14-00380-CR**
   **v.**    §
       §
       §
       §
       §
**THE STATE OF TEXAS,**  §
     *Appellee* §

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## IN THE COURT OF APPEALS
## 13TH DISTRICT – CORPUS CHRISTI

# BRIEF OF APPELLANT

ON APPEAL IN CAUSE NO. 12-14114
252ND DISTRICT COURT
HON. LARRY GIST, JUDGE PRESIDING

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

TO THE HONORABLE COURT OF APPEALS:

 COMES NOW LAWRENCE JAMES, JR., Defendant in cause number 12-14114 in the 252ND District Court, Hon. Larry Gist, Judge Presiding, and Appellant before the Court of Appeals, and respectfully submits this brief to the Court for the purpose of appealing his conviction of Murder.

## STATEMENT OF THE CASE

The indictment alleges that the offense of Murder occurred on or about March 27, 2012. (Clerk's Record, 5-6). On April 29, 2014, trial on the merits began with Voir Dire (2Sup.RR, 5) and after Voir Dire the Appellant pled guilty to the indictment to the Court. (2RR, 5). The Court found Appellant guilty and reset the case for punishment after the preparation of a presentence investigation report. (2RR, 6-7). The Appellant's plea was non-negotiated or un-agreed. (2RR, 5 [l.12]). A sentencing hearing was on June 2, 2014 (3RR); Appellant's trial counsel moved to withdraw the Appellant's guilty plea, which the trial court denied. (3RR 6, [l.15-17]). After reviewing the presentence report and hearing the arguments by the State and by the Appellant, the trial court sentenced the Appellant to life in the Department of Corrections. (3RR, 11 [l.14]). Appellate counsel was appointed to represent Appellant on appeal (CR 7), who thereafter filed his *Anders* brief. Appellant filed his pro se brief and the Court of Appeals issued its Order Abating Appeal, filed on May 5, 2015. Substitute appellate counsel herein has been appointed to brief any arguable appellate issues in this case.

## STATEMENT OF THE FACTS

The statement of Facts and the Statement of the Case are so intertwined that Sub. Appellate Counsel will not restate what was set forth hereinabove; however, there are additional facts to present about the case-in-chief.

Appellant was accused of causing the death of his Aunt by cutting and stabbing her with a sharp edged instrument. Appellant was subsequently arrested. (CR9). Facts regarding the alleged offense are in the record through the presentence report; no objections were made as to its accuracy. (CR46-51). Appellant had previously executed a judicial confession, waiver of his rights to a jury trial and waiver of confidentiality of a presentence investigation report, acknowledging that it would be publicly filed in the papers in his case. (CR29-30). Appellant's admonishments were computer-generated and file-marked for the pre-trial date, April 28, 2015, although they were actually executed on April 29, 2015. (CR29-31; 2RR, 1, 5). Additionally, during the pre-trial hearing, Appellant raised issues with his attorney (1Sup.RR., in its entirety). The Appellant requested that the Court remove trial counsel based upon Appellant's complaints and the Court, after hearing the responses of trial counsel and the State, denied Appellant's request. (1Sup.RR, 4-6). Appellant later raised his concern with his counsel in his presentence report interview (CR 47) and at the sentencing hearing on June 2, 2014. (3RR, 4-5).

After sentencing, the trial court advised Appellant that he has a right to appeal. (3RR, 11 [l. 14-21]). Trial counsel thereafter filed notice of appeal on Appellant's behalf, on June 11, 2014 (CR 70, 72), and appellate counsel was appointed. On June 12, 2014, trial counsel was withdrawn by Order of the trial Court. (CR 80).

On June 10, 2014, Appellant filed a pro se Motion for New Trial. (CR 61-69).

The Reporters Record was filed on July 21, 2014; the Clerk's Record was filed on July 30, 2014.

A Nunc Pro Tunc "Written Plea Admonishments" had been signed and filed by the Court on April 29, 2014, however, it was not included in the Clerk's Record filed on July 30, 2014. The Clerk issued and filed a supplemental record including the Nunc Pro Tunc documents on July 30, 2014.

## SUMMARY OF THE ISSUES PRESENTED

The case presents numerous issues, both through the record and through Appellant's trial court comments. Although the Appellate Court found that appellate counsel had properly performed in his preparation of Appellant's *Anders* Brief (Court of Appeals Order Abating Appeal, 5-15-15, p. 3), it also finds that there are arguable points regarding Appellant's voluntariness of his plea, a violation of his due process rights, ineffective assistance of counsel, and, possibly among others,

prosecutorial misconduct.  The Court of Appeals has also clearly stated that to date

it makes no finding as to whether any of Appellant's arguable points are meritorious.

Substitute appellate counsel attempts herein to consolidate those issues she

believes should be handled together and briefly address any points that she believes

are without merit.  It is for this reason that the standard format for writing an

Appellant's Brief may differ from this brief; however, substitute appellate counsel

will attempt to address Appellant's concerns in a concise manner.


**ISSUE PRESENTED**

<u>**ARGUABLE POINT OF ERROR NO. ONE**</u>**:**
**APPELLANT CLAIMS THAT HE WAS DENIED DUE PROCESS OF LAW BY BEING DENIED EFFECTIVE ASSISTANCE OF COUNSEL.**

<u>**ARGUABLE POINT OF ERROR NO. TWO**</u>**:**
**APPELLANT CLAIMS THAT HE WAS DENIED DUE PROCESS OF LAW BY BEING DENIED AN OPEN AND PUBLIC TRIAL.**

<u>**ARGUABLE POINT OF ERROR NO. THREE**</u>**:**
**APPELLANT CLAIMS THAT HE WAS DENIED DUE PROCESS OF LAW BECAUSE HE WAS NOT GIVEN NOTICE OF THE CHANGES OF TRIAL JUDGE AND PROSECUTOR.**

<u>**ARGUABLE POINT OF ERROR NO. FOUR**</u>**:**
**APPELLANT CLAIMS THAT HE WAS DENIED DUE PROCESS OF LAW BECAUSE BASED UPON THE ARGUMENTS OF THE PROSECUTOR AT THE SENTENCING HEARING AND BY THE TRIAL COURT BY**

**RELYING ON THE PRESENCE REPORT AND ITS CONTENTS RELATIVE TO EXTRANEOUS OFFENSES AND VICTIM STATEMENTS.**

**ARGUABLE POINT OF ERROR NO. FIVE:**
**APPELLANT CLAIMS THAT THE TRIAL COURT ERRED IN ACCEPTING APPELLANT'S GUILTY PLEA WITHOUT PROVIDING THE NECESSARY ADMONISHMENTS AND THEREFORE THE PLEA WAS INVOLUNTARY**

**ARGUABLE POINT OF ERROR NO. SIX:**
**THE APPELLANT CLAIMS HIS DUE PROCESS RIGHTS WERE VIOLATED WHEN HE WAS NOT PROVIDED A COMPLETE RECORD/STATEMENT OF FACTS FROM HIS COURT PROCEDINGS.**

**ARGUABLE POINT OF ERROR NO. SEVEN:**
**THE NUNC PRO TUNC ADMONISHMENTS AND UNAGREED PLEA AGREEMENT DOES NOT PROPERLY CORRECT THE TRIAL COURT'S CLERICAL ERROR [DATE OF DOCUMENTS] AND SHOULD BE WITHDRAWN AND REPLACED WITH AN ORDER NUNC PRO TUNC.**

**ARGUABLE POINT OF ERROR NO. EIGHT:**
**THE TRIAL COURT ABUSED ITS DISCRETION IN NOT GRANTING APPELLANT'S MOTION TO DISMISS COURT-APPOINTED COUNSEL PRIOR TO TRIAL.**

**ARGUABLE POINT OF ERROR NO. NINE:**
**THE APPELLANT'S CASE SHOULD BE REMANDED AND RETURNED TO HIS PREJUDGMENT STATUS IN ORDER THAT HE MAY BE ALLOWED TO FILE A MOTION FOR NEW TRIAL.**

### SUMMARY OF THE ARGUMENTS

In an attempt to address arguable issues of Appellant, post – Anders brief, and

also identify for the Court and Appellant why or why not the issues have merit,

substitute appellate counsel presents the foregoing nine arguable points of error. However, for the various reasons hereinbelow, counsel does not believe that, while arguable, the first six suggested errors have justiciable merit which would garner remand or reversal for Appellant.

The seventh error should be considered by the appellate court in order to correct the record below.

The eight error complains that the trial court did not consider all of Appellant's complaints before denying his Motion to Dismiss Counsel.

The ninth error complains of a somewhat circular "comedy of errors" that renders unfair results to Appellant. In short, counsel believes that the judge's disqualification and the final assignment to a trial court, the withdrawal of trial counsel and assignment of appellant counsel, the lack of information to either counsel of record and Appellant regarding the pro se motion for new trial, and the lack of notice to any court that a new trial motion had been filed pro se coupled with time constraints on filing new trial motions and the actual dates of the filed clerk's and reporter's records, created a congested conglomeration of confusion and the just remedy is to return Appellant to pre-judgment status and allow him or counsel to properly file and present Appellant's motion for new trial.

**ARGUABLE POINT OF ERROR NO. ONE:**
**APPELLANT CLAIMS THAT HE WAS DENIED DUE PROCESS OF LAW BY BEING DENIED EFFECTIVE ASSISTANCE OF COUNSEL.**

Appellant, in his pro se brief, sets out complaints against trial counsel; however, there is not sufficient evidence in the record to support those claims and substitute appellate counsel is of the opinion that in order to fully litigate each of those claims, Appellant should pursue any ineffective assistance of counsel claim he contends through an Tex.R.Proc. 11.07 writ of habeas corpus application.

There is no question that Appellant had a right to effective assistance of counsel at trial. The right to effective assistance of counsel is a right of constitutional dimensions being a right granted by the Sixth Amendment. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); J*ackson v. State* 877 S.W.2d 768, 771 (Tex.Crim.App.1994). In order to prevail, an appellant alleging a claim of ineffective assistance of counsel must show:

> (1) That counsel's performance fell below the level considered to constitute reasonably effective professional assistance, with the strong presumption being that counsel's performance was reasonably effective; and

> (2) But for counsel's errors, there is a reasonable probability the outcome of appellant's trial would have been different.

S*trickland,* 104 S.Ct. at 2066, 2068.

As recently as last year the Court of Appeals in Corpus Christi – Edinburg, in a Memorandum Opinion, restated its standard for review in an unpublished case regarding ineffective assistance of counsel:

> We apply the two-pronged *Strickland* analysis to determine whether counsel's representation was so deficient that it violated a defendant's constitutional right to effective assistance of counsel. *Goodspeed v. State,* 187 S.W.3d 390, 392 (Tex.Crim.App.2005); *Jaynes v. State,* 216 S.W.3d 839, 851 (Tex.App.-Corpus Christi 2006, no pet.); *see Strickland v. Washington,* 466 U.S. 668, 684, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). An appellant claiming a Strickland violation must establish that: (1) "his attorney's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for his attorney's errors, the result of the proceeding would have been different." Jaynes, 216 S.W.3d at 851; see S*trickland,* 466 U.S. at 687.
>
> We afford great deference to trial counsel's ability—"an appellant must overcome the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Jaynes,* 216 S.W.3d at 851. The appellant must prove both elements of the *Strickland* test by a preponderance of the evidence. *Munoz v. State,* 24 S.W.3d 427, 434 (Tex.App.-Corpus Christi 2000, no pet.). "A *Strickland* claim must be 'firmly founded in the record' and 'the record must affirmatively demonstrate' the meritorious nature of the claim." *Goodspeed,* 187 S.W.3d at 39.

*Acosta v State*, 2014 WL 440152 (Tex.App.- Corpus Christi – Edinberg 2014) [not published –although referring to citable opinions].

The Appellant raises many issues, some on the record and some in his pro se brief, for instance:

A. At Pre-Trial Hearing:

1. Conflict of Interest (1Sup.RR, 4),
2. Failure in duty to adequately represent Appellant (1Sup.RR, 4),
3. Failure to communicate (1Sup.RR, 4),
4. Failure to file Pre-trial Motions (1Sup.RR, 5),
5. Failure to advise Appellant as to "what he is facing to make a fair judgment) (1Sup.RR, 5),
6. Failure to provide/review evidence and video with Appellant (1Sup.RR, 5),
7. Failure to be truthful with Appellant (1Sup.RR, 5);

B. At presentence investigation interview (CR 47):

1. Appellant was coerced into pleading guilty,
2. Absent trial counsel's [deficient] representation, Appellant would be vindicated,
3. Failure to communicate,
4. Failure to investigate,
5. Failure to file Appellant's pro se motions;

C. At the Sentencing Hearing:

1. Failure to explain Appellant his constitutional rights (3RR, 4, 5),
2. Failure to properly represent (3RR, 5),
3. Failure to file anything in Appellant's defense (3RR, 5); and,

D. In Appellant's pro se brief:

1. Trial Counsel was not with Appellant at presentence interview,
2. Trial Counsel did not file specified pretrial motions,
3. Trial Counsel did not make an independent investigation of the facts,
4. Trial Counsel withheld information, misrepresented material facts, exerted pressure and overbearing his will inducing Appellant's guilty plea,
5. Failure to give Appellant notice that trial court and prosecutor were reassigned,
6. Failure to make objections at argument regarding State's language referring to Appellant as Habitual Criminal,
7. Failure to object to extraneous offense and victim statement language in presentence report, and,
8. Failure to provide truthful advice regarding withdrawal of Appellant's plea.

Although the Court of Appeals is probably aware that this list of complaints has allegations that, under the law, would not be "meritorious,"[3] there is a possibility that some of the complaints would be meritorious. Unfortunately, in the complaints that were before the Court at the pre-trial hearing, the trial court allowed trial counsel and the State to respond and was apparently satisfied with the responses such that the trial court denied Appellant's request to dismiss trial counsel. (1Sup.RR, 6).

---

[3] For example:

2.B.5 – "Appellant is not entitled to hybrid representation, Article 1, Section 10 of the Texas Constitution states that an accused in a criminal proceeding has the right to be heard by himself or herself or counsel, or both. Although the language of this provision would appear to grant an accused the right to represent himself or herself along with counsel, it has been held that this provision of the constitution does not expand or alter the right to counsel or in any way give the accused a right to such hybrid representation. Rather, Article 1, Section 10 affords the accused the right to testify at his or her trial and to be represented by counsel. Thus, there is no constitutional right in Texas to representation partially *pro se* and partially by counsel [*Landers v. State*, 550 S.W.2d 272, 275–280 (Tex. Crim. App. 1977)]." – Restated from Texas Criminal Practice Guide, Vol. 1, Lexis Nexis;

2.D.1. – Appellant indicates that trial counsel was not present at the presentence interview when incriminating statements that prejudiced him. (Appellant's *pro se* brief, P8, issue IV); however, there are no incriminating statements by Appellant during the interview, rather comments of vindication. (CR 47);

2.D.7. – Failure to object to extraneous offense material in presentence investigation report. However, there is no requirement that a defendant be warned of his right to refrain from self-incrimination prior to submitting to a routine, authorized presentence investigation. *Edwards v. State,* 652 S.W.2d 519, 519–20 (Tex.App.—Houston [1st Dist.] 1983, pet. ref'd); *Trimmer v. State,* 651 S.W.2d 904, 906 (Tex.App.—Houston [1st Dist.] 1983, pet. ref'd); *Stewart v. State,* 675 S.W.2d 524, 525 (Tex.App.—Houston [14th Dist.] 1983, pet. ref'd). A trial court may use a PSI that contains information supplied by the defendant, even though the interviewing probation officer did not warn the defendant of his privilege against self-incrimination prior to the interview. E*dwards,* 652 S.W.2d at 519. *Garcia v State*, 930 S.W.2d 621 (Tex.App.-Tyler, 1996) (rejected for reasons not applicable in this case in *In the Matter of J.S.S., a Juvenile*, 20 SW3d 837 (Tex.App.-El Paso, 2000).

In 2000, we were given guidance from the Court of Criminal Appeals regarding ineffective assistance of counsel claims – both in the Opinion and in the Dissent. In *Robinson v State*, 16 S.W. 3d 808 (Tex.Crim.App. 2000), the Court was discussing an Appellant's right to litigate ineffective assistance of counsel without having first raised it on appeal. Although that is not the case here, because Appellant did state his complaints to the trial Court, the Court of Criminal Appeals explained:

> In reaching its conclusion that appellant's ineffectiveness claim was barred by the general rule of procedural default, the appellate court relied on its previous decision in *Gonzalez v. State,* 994 S.W.2d 369 (Tex.App.—Waco 1999, no pet.). In that case, the Waco court determined that the "clear language" of Rule 33.1(a) prevented a similarly situated appellant from raising an ineffective assistance of counsel claim for the first time on appeal. *See id.* at 373. The *Gonzalez* court noted the general axiom that, " '[i]n most instances, the record on direct appeal is inadequate to develop an ineffective assistance claim.' " *Id.* (quoting *Ex parte Torres,* 943 S.W.2d 469, 475 (Tex.Crim.App.1997)). It then concluded that the proper mechanism to develop the record in the ineffective assistance of counsel context was to present the argument to the trial court in a motion for new trial under Texas Rules of Appellate Procedure 21. *Id.* at 373–74. The *Gonzalez* court held that by failing to present the claim to the trial court in such a manner, the appellant was procedurally barred from raising the issue on appeal. *Id.* at 374. Relying on G*onzalez,* the Court of Appeals overruled appellant's point of error. *Robinson,* slip op. at 5.

But, the Court also said:

> Rule 33.1(a) generally requires that a complaint be presented to the trial court "by a timely request, objection, or motion" as a prerequisite to presenting the complaint for appellate review. However, this Court has suggested in *dicta* that an ineffective assistance of counsel claim will

generally not be foreclosed because of an appellant's inaction at trial. *See Randle v. State,* 847 S.W.2d 576, 580 (Tex.Crim.App.1993). We have expressed two separate rationales that support an exception to the general rule of procedural default in the ineffective assistance of counsel context. First, we have noted the many practical difficulties with requiring an appellant to claim ineffective assistance at the time of trial or immediately post-trial. For example, in *Randle,* we rejected the Court of Appeals' suggestion that the appellant's ineffective assistance claim had been waived by a failure to object with sufficient specificity to preserve the complaint. *Id.* at 580. We held that the claim had been adequately preserved by means of a pre-trial Motion for Protective Order and post-trial Motion for New Trial. I*d.* at 579–80. We then continued:

Even if appellant and defense counsel had chosen to do nothing before or at the time of trial to bring to the trial court's attention the particulars [that underlay appellant's Sixth Amendment claim], there is no reason for appellant to have been required to specifically claim ineffective assistance of counsel at the time of trial. We do not require any defendant to risk alienating his trial lawyer by requiring the defendant to claim ineffective assistance of counsel at the time of trial. Further, because many errors by defense counsel are of a technical nature, the defendant may not even know errors by their trial lawyer are occurring, and cannot possibly object. Many times it is in the review of the record by the appellate attorney that errors of an ineffective assistance of counsel nature are discovered. *The timely filed appeal to the court of appeals by appellant is a proper procedure for seeking relief. Id.* at 580 (emphasis added). Thus, a defendant could not, by inaction at trial, waive the right to make an ineffective assistance of counsel claim on appeal. I*d.*

As Counsel herein has stated, it could not be said that Appellant did not try to raise his claim to the trial court; the trial court simply ruled that he would not dismiss trial counsel based upon what he observed in the courtroom. Therefore, the real issue in this appeal is that the Appellant raises additional issues that are not supported by the

record. Appellant filed a pro se Motion for New Trial in an effort to continue his complaint. (CR 61-79).

The Court's analysis in the Dissent (which was a dissent as to whether the claims of ineffective assistance of counsel, though of constitutional dimension, are subject to the general rule of procedural default as set forth in Texas Rules of Appellate Procedure 33.1) provides Appellant with an understanding for the necessity of an 11.07 writ when its claims are not supported by the record:

> Appellant may advance his claim by filing a post-conviction writ of habeas corpus pursuant to Texas Code of Criminal Procedure article 11.07. Indeed, article 11.07 is by far the preferable means by which a claim of ineffective assistance of counsel can be fully and fairly developed. Appellant's claims in the present case amount to an allegation of acts of omission by trial counsel that, due to their very nature, are outside the trial record and are thus not amenable to meaningful appellate review.
>
> An article 11.07, section 3 proceeding will allow appellant an opportunity to litigate his claim his counsel was constitutionally ineffective. The habeas court is given considerable power to decide whether the claim is valid, and may require that trial counsel file an affidavit—on the record—explaining why he did what he did (or did not do) or may order a hearing and make findings of fact and recommend that relief be granted or not be granted. The findings of the habeas court are then, of course, subject to review by this Court pursuant to article 11.07, section 5.
>
> We recently held in *Ex parte Torres,* 943 S.W.2d 469, 475 (Tex.Crim.App.1997) that a writ of habeas corpus is the preferred method for evaluation of claims of ineffective assistance of counsel. Indeed it may well be, in most cases, the only means by which a record can be developed to determine the validity of such claims, a record that

is rarely available for the appellate court to evaluate. Accordingly, because article 11.07 provides a practical means by which claims of ineffective assistance of counsel can be fully and effectively litigated, I would affirm the court of appeals and hold that claims of ineffective assistance of counsel, though of constitutional dimension, are subject to the general rule of procedural default as set forth in rule 33.1.

*Robinson a*t 814.

It is for these reasons that substitute appellate counsel believes that, while arguable, the meritorious status of Appellant's ineffective assistance of counsel claims should be litigated after the full development of supporting evidence for those claims and that such full development is not currently in this record.

**ARGUABLE POINT OF ERROR NO. TWO:**
**APPELLANT CLAIMS THAT HE WAS DENIED DUE PROCESS OF LAW BY BEING DENIED AN OPEN AND PUBLIC TRIAL.**

Substitute appellate counsel is unable to set forth an argument on this issue because, other than the Appellant's comments, there is nothing in the record to support an allegation that the courtroom was closed to the public.

**ARGUABLE POINT OF ERROR NO. THREE:**
**APPELLANT CLAIMS THAT HE WAS DENIED DUE PROCESS OF LAW BECAUSE HE WAS NOT GIVEN NOTICE OF THE CHANGES OF TRIAL JUDGE AND PROSECUTOR.**

Substitute appellate counsel is unable to set forth an argument on this issue because the District Attorney's office has complete control over the assignment of cases for litigation, and the original assistant district attorney on the case was no

James v. State  13-14-00380-CR                                                                 Page 21

longer in that office. In fact, she had been appointed to the bench in the 252nd District Court, sitting in Jefferson County, Texas. It is for that reason she disqualified herself from hearing this trial. Trial Judges are often replaced by newly elected judges, and prosecutors are often reassigned to different courts. Appellant is not harmed by these changes, but would have been subjected to a trial judge with a conflict of interest had she not disqualified herself.

**ARGUABLE POINT OF ERROR NO. FOUR:**
**APPELLANT CLAIMS THAT HE WAS DENIED DUE PROCESS OF LAW BECAUSE BASED UPON THE ARGUMENTS OF THE PROSECUTOR AT THE SENTENCING HEARING AND BY THE TRIAL COURT BY RELYING ON THE PRESENTENCE REPORT AND ITS CONTENTS RELATIVE TO EXTRANEOUS OFFENSES AND VICTIM STATEMENTS.**

At the trial of an offense committed on or after September 1, 1993, regardless of the plea and whether the punishment is being assessed by the judge or the jury, evidence may be offered as to any matter the court deems relevant to sentencing. *Enlow v State*, 46 S.W.3d 340, 346 (Tex. App., Texarkana 2001, no pet.). This includes, but is not limited to: (1) the prior criminal record of the defendant; (2) the defendant's general reputation; (3) the defendant's character; (4) an opinion regarding the defendant's character; (5) the circumstances of the offense being tried; and (6) notwithstanding Texas Rules of Evidence 404 and 405, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by

evidence to have been committed by the defendant or for which the defendant could be held criminally responsible, regardless of whether the defendant has previously been charged with or finally convicted of the crime or act [C.C.P. Art. 37.07 § 3(a)].

Relying on an analysis found in the Texas Criminal Practice Guide, 74.01A[4], which has synthesized the relevant cases, counsel herein believes that the use of information from a presentence report is not only relied upon by the Court, but can also be referred to by the parties. The analysis provides:

> A judge who imposes sentence on a defendant for a felony or misdemeanor is usually required to order the preparation of a presentence report [C.C.P. Art. 42.12 § 9(a)]. Unlike punishment hearings conducted before a jury, when the judge sentences, a pre-sentence report is usually ordered and the rules of evidence do not apply to the report [see *Fryer v. State*, 68 S.W.3d 628, 631–32 (Tex. Crim. App. 2002)—PSI properly includes victim's opinion regarding probation for defendant although testimony to this effect would not be admissible in formal hearing under rules of evidence. *Wilson v. State*, 108 S.W.3d 328, 331 (Tex. App., Fort Worth 2003, no pet.) applying prior cases but criticizing presentence reports as raising constitutional questions with regard to confrontation and cross-examination and statutory conflict with Art. 37.07, section 3(a)(1) C.C.P. requiring extraneous offenses introduced at punishment to be proved beyond reasonable doubt]. For example, while section 3(a)(1) of article 37.07 of the Texas Code of Criminal Procedure requires that any extraneous misconduct evidence may be considered in assessing punishment only if the extraneous misconduct has been shown to have been committed by the defendant beyond a reasonable doubt, if the extraneous misconduct is contained in a PSI, rather than developed in a formal sentencing hearing, the requirement does not apply [Smith v. State, 227 S.W.3d 753, 763 (Tex. Crim. App. 2007) due process does not require

that trial court must glean all relevant sentencing information from evidence presented in formal courtroom proceeding].

**************************

Because a presentence investigation report (PSI) is not based on sworn testimony obtained in a courtroom, virtually all statements in a PSI are hearsay any statement in the report that reflects negatively on a defendant would constitute "testimonial" statements for Confrontation Clause purposes because statements are gathered by a state employee for the express purpose of using the report in a probation or sentencing determination. Despite the extensive use of hearsay in presentence reports, hearsay and Confrontation Clause objections to the report have been rejected based upon the need for a broad range of information to individualize sentencing decisions and the desire to contain the scope of sentencing hearings in light of the broad range of factors considered [Stringer v. State, 309 S.W.3d 42, 46–47 (Tex. Crim. App. 2010)— citing policy considerations articulated in Williams v. New York, 337 U.S. 241, 69 S. Ct. 1079, 93 L. Ed. 1337 (1949)]. The decision of the United States Supreme Court in Crawford v. Washington, 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004), has led to a renewed consideration of the propriety of the extensive use of hearsay in presentence reports [Wilson v. State, 108 S.W.3d 328, 331–32 (Tex. App.—Fort Worth 2003)—applying prior cases holding Confrontation Clause rights and hearsay rules inapplicable to presentence report but criticizing these cases as inconsistent with constitutional requirements]. In Crawford, the Supreme Court held that a defendant had a right to confront witnesses who made testimonial statements against the defendant. The only exception to that right is if the witness is unavailable and the defendant has had a prior opportunity for cross-examination. Crawford dealt with the guilt phase of trial, and courts have disagreed about whether it applies to a punishment hearing after a finding of guilt [Stringer v. State, 309 S.W.3d 42, 48 (Tex. Crim. App. 2010)].

**************************

The traditional view, permitting presentence report hearsay, appears to prevail in non-capital cases in which the defendant has elected to have the judge to determine punishment. The United States Court of Appeals for the Fifth Circuit has held broadly that Crawford does not apply to a sentencing hearing [United States v. Fields, 483 F.3d 313, 327–28 (5th Cir. 2007)—witnesses providing information to court after guilt established are not accusers within meaning of Confrontation Clause]. The Texas Court of Criminal Appeals has also rejected a Crawford objection to the use of hearsay statements alleging the defendant's commission of unadjudicated offenses reported in the presentence investigation report based upon traditional policy concerns of providing the sentencing authority with access to a wide body of information in the interest of individualizing punishment as well as the statutory authorization for hearsay information and the opportunity of the defendant to present contrary information [Stringer v. State, 309 S.W.3d 42, 48 (Tex. Crim. App. 2010)—leaving open question of applicability of Crawford in cases in which defendant has not elected judge for sentencing].

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

A sentencing hearing conducted under the rules of evidence before a jury will be a far different proceeding than a hearing conducted by the court based upon a presentence report. Many of the procedural protections applicable to jury proceedings will be inapplicable. For example, it is doubtful that Article 37.07(a)(1) Code of Criminal Procedure, which requires evidence of an extraneous crime or bad act, offered at a punishment hearing, to be shown "beyond a reasonable doubt by evidence to have been committed by the defendant" applies to the judge's sentencing determination based upon a presentence investigation report. Article 42.12, section 9 expressly provides that a presentence report should contain the criminal and social history of the defendant. Those provisions do not require offenses contained in the criminal history section of the presentence report to be certified and the trial court is specifically authorized by statute to consider the content of the presentence report. The fact that the presentence report

contains hearsay information does not preclude its use by the sentencing judge [Bell v. State, 155 S.W.3d 635, 639 (Tex. App., Texarkana 2005, no pet.) defendant's objection that criminal history in presence report was hearsay properly denied]. If there is inaccurate information in the presentence, Code of Crim. Proc. Article 42.12 Sec. 9 provides that, before sentencing, the judge "shall permit the defendant or his counsel to read the presentence report" and the judge is required to "allow the defendant or his attorney to comment on a presentence investigation … and, with the approval of the judge, introduce testimony or other information alleging a factual inaccuracy." [42.12 section 9(d), (e)]. These provisions place the burden on the defendant to prove that the information contained in the PSI is inaccurate [Bell v. State, 155 S.W.3d 635, 639 (Tex. App., Texarkana 2005, no pet.)].

There were no objections or corrections made to the presentence investigation report at the time of sentencing and there are no preserved grounds to complain of the report or its use on appeal.

## ARGUABLE POINT OF ERROR NO. FIVE:
**APPELLANT CLAIMS THAT THE TRIAL COURT ERRED IN ACCEPTING APPELLANT'S GUILTY PLEA WITHOUT PROVIDING THE NECESSARY ADMONISHMENTS AND THEREFORE THE PLEA WAS INVOLUNTARY[4]**

---

[4] Counsel notes that Appellant makes claims of trial counsel's ineffective assistance that may support the court setting aside his guilty plea, however, as stated above, that portion of his claims of involuntary plea should be developed in the writ of habeas corpus. Court of Criminal Appeals explicitly recognized that an involuntary guilty plea is unconstitutional but reasoned that involuntary plea claims are more appropriately presented through other procedures, such as motions for new trial and habeas corpus applications that may be supported by information from sources broader than the appellate record because such claims usually result from circumstances outside the record such as erroneous information, impaired judgment, or ineffective assistance of counsel. [*Cooper v. State*, 45 S.W.3d 77, 82 (Tex. Crim. App. 2001)-although that case had a plea agreement].

After voir dire, but before any jurors were seated, (2Sup.RR, 61, 2RR, 4), Appellant entered his plea of Guilty before the Court. (2RR, 5 [l.12-14]). Prior to entering his guilty plea the State read aloud the entire indictment. (2RR, 4-5). Appellant testified that he did everything that he was charged with in the indictment (2RR, 6) and that he understood everything he had signed with his lawyer. (2RR, 5 [l.15-20]). Additionally, Appellant testified that he was pleading guilty of his own free choice. (2RR, 5 [l/23-25]). The trial court verified that Appellant had an absolute right to a jury trial, that a presentence investigation report would be ordered, that based upon the information he is given the trial court would decide what the punishment would be, that he was not bound to do what either side was recommending, and, that Appellant could get life in prison under the law "this" [*emphasis added* ] evidence. (2RR, 5[l.4-22]).

A record that indicates that the trial court properly admonished the defendant provides a *prima facie* showing that the guilty plea was made voluntarily and knowingly. *Martinez v. State,* 981 S.W.2d 195,197 (Tex.Crim.App.1998). Although *Martinez* is a case discussing ineffective assistance of counsel because the Appellant alleged that his attorney did not tell him his plea offer, it still stands for the proposition that as a result of signing the admonishments, a heavy burden is placed on defendant to show a lack of voluntariness. I*d.*

Additionally, Article 26.13 of the Texas Code of Criminal Procedure stipulates that prior to accepting a plea of guilty, a trial court must admonish a defendant of the range of punishment attached to the offense charged. Tex. Code Crim. Proc. Ann. art. 26.13 (a) (1) (Vernon 1989); *Gomez v. State,* 921 S.W.2d 329, 335 (Tex.App.-Corpus Christi 1996, no pet.). In admonishing the defendant, "substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court." Tex. Code Crim. Proc. Ann. art. 26.13 (c) (Vernon 1989). The trial court may make the requisite admonitions either orally or in writing; and if the admonitions are made in writing, the court must receive a statement signed by the defendant and his attorney indicating that the defendant understands the admonitions and is aware of the consequences of his plea. Tex. Code Crim. Proc. Ann. art. 26.13(d) (Vernon 1989); [and, see: *Muñoz v.* State, 840 S.W.2d 69, 75 (Tex.App.-Corpus Christi 1992, pet. ref'd) - If the court admonishes a defendant in writing, rather than orally, the court "must receive a statement signed by the defendant and the defendant's attorney that he understands the admonitions and is aware of the consequences of his plea." M*uñoz,* 840 S.W.2d at 75]

In this case, the documents referred to by the trial court and tendered, without objection, as State's exhibit 1, are the written plea admonishments. (4RR, in its

entirety as no page numbers are present to refer).[5] In those written plea admonishments, the Appellant acknowledges the punishment range for the offense to which he is pleading guilty; the fact that the court is not bound to or limited by any punishment recommendations made by the State; that he understands those admonishments; that he is aware of the consequences of his plea; that he is mentally competent; that his plea is freely and voluntarily made; that he gives up and waives any additional time to prepare for trial; that he is satisfied with his representation provided by his attorney who provided fully effective and competent legal representation; that his is giving up rights provided by law, specifically the right to the right to a jury trial with the appearance, confrontation and cross-examination of the witnesses, that he consents to the oral and written stipulations in the case and agrees that they may be considered as evidence; that he has read the charging instrument and his attorney has explained it to him and he committed each and every element alleged; that he gives up his right to confidentiality of the presentence report and agrees that it may be filed publicly in the papers of his case; that he is guilty of the offense and all lesser included offenses charged against him in this case; and that all of that is true. (4RR). The waivers and stipulations made by the defendant are

_____

[5] Not to add more confusion to this brief but to address the Nunc Pro Tunc Written Plea Admonishments and Unagreed Plea Punishment Recommendations (2Sup.CR, in its entirety), this counsel will discuss those in Arguable Point of Error No. 7, hereinbelow.

sworn to in writing before the Deputy District Clerk, and, additionally, are joined in and approved by the trial counsel, the State's counsel and the trial court judge, affirming that they also believe that the defendant's statements were freely and voluntarily made and that the defendant's plea in the case was free and voluntarily entered. (4RR).

The trial court's admonishmentS were both orally and in writing, and completely apprise Appellant of all requisite admonitions under the statute. There is no trial court error as to its admonishments resulting in Appellant's complained of involuntary plea, and therefore no meritorious argument of trial court error relative to an involuntary plea is supported by the record.

**ARGUABLE POINT OF ERROR NO. SIX:**
**THE APPELLANT CLAIMS HIS DUE PROCESS RIGHTS WERE VIOLATED WHEN HE WAS NOT PROVIDED A COMPLETE RECORD/STATEMENT OF FACTS FROM HIS COURT PROCEDINGS.**

The appellate court will do a harmless error analysis in the event a complete record for review has not been prepared. In *Perez v State,* 824 S.W.2d 565 (Tex.Crim.App. 1992, en banc), the court stated that the failure to provide a complete record on appeal "interferes with the judicial process by blocking an appellate court's ability to assess the record of a trial." *Id,* at 568. The court further explained that, without a complete record to assess the integrity of the verdict, there is no way to

perform a harmless error analysis. I*d.* However, in that case, there were lost recordings preventing transcription of the missing parts. *Id.*. at 566.

Preservation of error is a systemic requirement that a first-level appellate court should ordinarily review on its own motion. *See Archie v. State,* 221 S.W.3d 695, 698 (Tex.Crim.App.2007) (citing *Jones v. State,* 942 S.W.2d 1, 2 n. 1 (Tex.Crim.App.1997)). To preserve an error, appellant must submit a timely and specific objection into the trial-court record. *See* Tex.R.App.Proc. 33.1(a); Tex. R. Evid. 103(a)(1). The error alleged on appeal must comport with the objection submitted to the trial court. *See* Tex.R.App.Proc. 33.1; H*eidelberg v. State,* 144 S.W.3d 535, 537 (Tex.Crim.App.2004) ("the legal basis of a complaint raised on appeal cannot vary from that raised at trial").

Had there been proceedings that should have been recorded by the court reporter, the Appellant would have been required to object to her failure to do so at the trial level. In *Valle v State,* 109 S.W.3d 500 (Tex.Crim.App. 2003) the Court reminds us that R. App. Proc. 13.1 states in part that the official court reporter must "attend court sessions and make a full record of the proceedings unless excused by agreement of the parties;" that under former Rules 11(a)(1) and (2), a record was required only when requested by the trial court or a party; and, that the current rule therefore makes automatic a procedure that used to be conditioned upon a request.

Therefore, in rejecting a previous ruling in *Taguma v State*, 47 S.W.3d 663 (Corpus Christi – 2001), the *Valle* court found that it is required for an objection to be made at the trial court to preserve error if the court reporter is not recording the proceedings [that case addressing bench conferences].

In this case, the Appellant suggests that the Court Reporter was not recording the proceedings and bases this complaint (*see* Appellant's Pro Se Motion Objecting to the Denial of Reporter's Record Audio Comparison on file with this appellate court, file-mark reflecting May 27, 2015) on a lapse of time from the end of Voir Dire, April 29, 2014 at approximately 10:57 am until Court recalled the case later the same day at approximately 1:59 pm. (2Sup.RR, 61 [l.10], 2RR, 4 [l.10]). However, it is clear that the court concluded the proceedings so that the parties could strike their jury lists (2Sup.RR, 61 [l.7-17]), which would be the logical "next step" after voir dire in a jury trial. It is also clear, that during the break, decisions were made to enter a plea of guilty and execute written admonishments. The Court went back on the record and took up the plea hearing in the early afternoon. (2RR). If there were Court proceedings going on without the transcription of the Court Reporter, Appellant needed to object at that time. There are no objections in the record to indicate that there were proceedings being held without the Court Reporter.

This counsel does not find the allegation of incomplete record to have merit and is not supported by the record nor objected to at the trial level.

**ARGUABLE POINT OF ERROR NO. SEVEN:**
**THE NUNC PRO TUNC ADMONISHMENTS AND UNAGREED PLEA AGREEMENT DOES NOT PROPERLY CORRECT THE TRIAL COURT'S CLERICAL ERROR [DATE OF DOCUMENTS] AND SHOULD BE WITHDRAWN AND REPLACED WITH AN ORDER NUNC PRO TUNC.**

The trial court called this case for pre-trial on April 28, 2014. The next day, the first day of trial, April 29, 2014, all the parties signed the Written Plea Admonishments and Unagreed Plea documents but the electronically-created plea papers reflected the earlier pre-trial date [April 28, 2014.]. (CR 29-31). The trial court attempted to correct this error by issuing a Nunc Pro Tunc of the documents. (2Sup.RR, in its entirety).

Tex. R. Civ. Proc., Rule 316 provides:

Clerical mistakes in the record of any judgment may be corrected by the judge in open court according to the truth or justice of the case after notice of the motion therefor has been given to the parties interested in such judgment, as provided in Rule 21a, and thereafter the execution shall conform to the judgment as amended.

In this case, although his plenary power ended once the record was filed with the Court of Appeals, the trial Court can issue a Nunc Pro Tunc Order because in a criminal case, after the appeal has been disposed of, the trial court is again authorized

to enter a judgment or sentence nunc pro tunc. *DeLuna v. State*, 387 S.W.2d 678, 679 (Tex. Crim. App. 1965). If the result requested in a motion for a judgment nunc pro tunc would be unfavorable to the defendant, the defendant should be given an opportunity to be present, represented by counsel, at a hearing on the propriety of entering the order. *Shaw v. State*, 539 S.W.2d 887, 890 (Tex. Crim. App. 1976) [order upheld in case in which hearing was conducted]. However, if an unfavorable Nunc Pro Tunc is entered ex parte, but is otherwise completely proper, the defendant is not entitled to a remand simply to require the trial court to hold a hearing on the propriety of the order. *Homan v. Hughes*, 708 S.W.2d 449, 454–455 (Tex. Crim. App. 1986); *Dees v. State*, 722 S.W.2d 209, 216 (Tex. App.-Corpus Christi 1986, pet. ref.).

In this case, however, the document sought to be corrected was not actually a prior Order or Judgment. Further, the form used to correct the incorrectly dated document is a different pre-printed form than the version of admonishment currently created by electronic preparation in Jefferson County criminal courts. Although all of the requisite admonishments are in each document, they are, in fact, different documents. Additionally, if the Nunc Pro Tunc document were to replace the original documents, they would, in effect, reflect that none of the parties except the trial court Judge approved the document, and the Clerk would be certifying to a

fingerprint that is not there. There is no question that the actual admonishments were reviewed and signed by the parties and that they were done on the day of the plea hearing. The Nunc Pro Tunc does not harm the Appellant, and neither will its withdrawal.

Substitute appellate counsel believes that the more appropriate method for correcting the plea papers would be for the trial court to issue its Order Nunc Pro Tunc, acknowledging the clerical error on the originally executed plea papers and declaring that the date shall thereafter be correctly amended to reflect the actual date the parties were there and executed the document: April 29, 2014.

**ARGUABLE POINT OF ERROR NO. EIGHT:**
**THE TRIAL COURT ABUSED ITS DISCRETION IN NOT GRANTING APPELLANT'S MOTION TO DISMISS COURT-APPOINTED COUNSEL PRIOR TO TRIAL.**

The Trial Court's rulings as to granting a motion to dismiss court-appointed counsel is reviewed under the abuse of discretion standard.

The Appellant, at the pretrial hearing (1Sup.RR) requested to file a motion to dismiss counsel. The trial court initially wanted Appellant to give his motion to his counsel for filing, then proceeded in a hearing on the motion. Trial judge asked Appellant in what way trial counsel was failing to adequately represent him and Appellant attempted to respond. Appellant stated trial counsel's inadequacies were

communication, discovery issues such as failure to allow Appellant to view the video, and, in his written motion, failure to investigate. Trial judge allowed trial counsel and the State to respond and appeared satisfied. He denied the *pro se* motion. However, a major issue, failure to investigate, was not addressed by trial counsel.

It is true that a trial court has no duty to search for counsel until an attorney is found who is agreeable to the accused. *Webb v. State,* 533 S.W.2d 780, 784 n. 3 (Tex.Crim.App.1976); *Martinez v. State,* 640 S.W.2d 317, 320 (Tex.App.—San Antonio 1982, pet. ref'd). Once the trial court has appointed an attorney to represent the accused, the accused carries the burden of proving he is entitled to a change of counsel. *Webb,* 533 S.W.2d at 784 n. 3; *Chase v. State,* 706 S.W.2d 717, 719 (Tex.App.—Corpus Christi 1986, no pet.). In fact, as seen in *Maes v State*, 275 S.W.3d 68 (Tex.App.-Waco 2008), the Appellant argued that the trial court did not duly consider his motion and the Court of Appeals believed that Appellant was wrong. In that case the Appellant there did not give any specific grounds to support his allegations. The Appellate court said;

> A defendant bears the burden of making the trial court aware of his dissatisfaction with counsel, stating his grounds for his dissatisfaction, and offering evidence in support of his complaint. *Hill v. State,* 686 S.W.2d 184, 187 (Tex.Crim.App.1985). Here, defendant admitted he had been able to confer with his counsel to discuss his case. However, when the court directed its attention to defendant's motion, he only

offered a vague expression of dissatisfaction with his court-appointed counsel. On this record, we cannot conclude the trial court abused its discretion by denying defendant's motion to dismiss court-appointed counsel.

*Maes* at 71.

If, the court did not abuse his discretion in *Maes* because the Appellant only offered a vague expression of dissatisfaction, then, in this Court it should be said that the Court abused its discretion because Appellant listed lack of communication, discovery issues, and, in his written motion, lack of investigation. The Court allowed a hearing on the *pro se* motion but did not address "lack of investigation," which, in a murder case would seem imperative. The Court must have felt that the Appellant was entitled to see the video in connection with his case because he indicated that provisions would be made for that in the courtroom (1Sup.RR. 5-6); however, the trial court should have considered that a clue that perhaps Appellant's claims had merit.

Although this honorable Court may cite to Appellant's waivers wherein he later indicated satisfaction with his attorney, he obviously tried to retract his plea at sentencing and continued to argue his dissatisfaction.

Appellate court should reverse the conviction and order that new trial counsel be appointed to represent him or that the trial court should hold a hearing on all of the matters raised by Appellant, including, trial counsel's failure to investigate.

The Appellant was harmed because he would not have felt pressured into pleading guilty had he been properly heard on this issue by the trial court and provided new counsel.

## ARGUABLE POINT OF ERROR NO. NINE:
**THE APPELLANT'S CASE SHOULD BE REMANDED AND RETURNED TO HIS PREJUDGMENT STATUS IN ORDER THAT HE MAY BE ALLOWED TO FILE A MOTION FOR NEW TRIAL.**

As recently as this year, the Corpus Christi Court of Appeals restated the standard of review for new trials in *Orellana v State,* 2015 WL 4381219 (Tex.App. – Corpus Christi – Edinburg) [not published but citing referable decisions], and states as follows:

> Appeals courts review "a trial court's denial of a motion for new trial under an abuse of discretion standard." *Holden v. State,* 201 S.W.3d 761, 763 (Tex.Crim.App.2006). We do not substitute "our judgment for that of the trial court; rather, we decide whether the trial court's decision was arbitrary or unreasonable." *Id.* We reverse "only when the trial judge's decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree." *Smith v. State,* 286 S.W.3d 333, 339 (Tex.Crim.App.2009). The "purpose of a hearing on a motion for new trial is to: (1) 'decide whether the cause shall be retried' and (2) 'prepare a record for presenting issues on appeal in the event the motion is denied.' " *Id.* (citing *State v. Gonzalez,* 855 S.W.2d 692, 695 (Tex.Crim.App.1993) (plurality opinion)). A trial judge would abuse his discretion by failing to hold a hearing "if the motion and accompanying affidavits (1) raise matters not determinable from the record and (2) establish reasonable grounds showing that the defendant could potentially be entitled to relief." *Hobbs v. State,* 298 S.W.3d 193, 199 (Tex.Crim.App.2009). The

"second requirement limits and prevents 'fishing expeditions.' " *Id.* However, a defendant is "not entitled to a hearing on his motion for new trial unless he 'establishes the existence of 'reasonable grounds' showing that the defendant 'could be entitled to relief.' " *Id.* In order to show "reasonable grounds", a defendant must "as a prerequisite to obtaining a hearing and as a matter of pleading, [show that] the motion for new trial ... [is] supported by affidavit, either of the accused or someone else" specifically setting out the factual basis for the claim. *Garcia v. State,* 291 S.W.3d 1, 9 (Tex.Crim.App.–Corpus Christi 2008, pet. ref'd). However, affidavits that are "conclusory in nature and unsupported by facts do not provide the requisite notice of the basis for the relief claimed; thus, no hearing is required." S*mith,* 286 S.W.3d at 339.

*Orellana v State,* 2015 WL 4381219 [not published – although referring to citable opinions].

Additionally, in connection with this point of error, the court is called upon to consider the rules regarding hybrid representation.

The Court of Criminal Appeals in 2007 gave us its Opinion abrogating

*Busselman v State*, 713 S.W.2d 711 (Tex.App. – Houston, 1ˢᵗ Dist. 1986), regarding

hybrid representation:

On appeal, the appellant argued that the trial court erred in denying his motion for new trial without holding a hearing. The First Court of Appeals rejected the argument, relying on its decision in B*usselman v. State,* a case in which a defendant, acting *pro se,* filed a pre-trial motion to dismiss under the Speedy Trial Act. Some time after that, the defendant was appointed a trial lawyer, who attempted to file the same motion with the trial court. The defendant's lawyer did not know that her client had previously filed the same motion, nor did she know that her motion had never been received by the District Clerk. Eventually, the trial court overruled the *pro se* motion.

On appeal, Busselman argued that the trial court erred by refusing to hear his motion for new trial. The First Court of Appeals disagreed, but not on the grounds that the trial court had exercised proper discretion. Rather, the Court of Appeals first noted that there is no right to "hybrid" representation, which is defined as representation partly by counsel and partly by self. The Court then held:

[B]ecause appellant had counsel and therefore had no right to urge his pro se motion on October 21, 1985, the trial court did not err by denying it. A trial court may, in its discretion, allow hybrid representation and may grant relief in such situations, in which case the parties will be bound by the court's rulings. However, when, as here, the court denies relief to a defendant who has no *right* to present *his* motions, we will not find the denial to be reversible error.
.
Thus, the Court of Appeals in *Busselman* announced a new rule which it has now applied to the case at hand. That rule is, because a defendant has no right to hybrid representation, the defendant likewise has no right to appellate relief from any trial-court decision on a *pro se* motion made while the defendant was represented by counsel.

*Robinson v State*, 240 S.W.3d 919, 921.

What is interesting about *Robinson,* is that in that case the Court acknowledges that the trial court could ignore a *pro s*e motion, but announces that if the Court rules on a *pro se* motion, the ruling **will** be reviewable on appeal.[6] *Id.* at 922. In that case the Court was not clear what the trial court intended by its ruling,

---

[6] Just as we will see hereinbelow regarding the trial court's denial of this Appellant's *pro se* motion to dismiss counsel.

so the matter was remanded for a more clarified understanding of the trial court's intent denying the motion. *Id.* at 923.

Regarding Appellant's hybrid Motion for New Trial and the denial of the motion by operation of law, it is unclear whether Appellant's desires to be heard fell through the proverbial "cracks" in the system. Trial counsel remained appointed and was instructed to file a Notice of Appeal if that was what the Appellant wanted. (3RR, 11 [l.6-21]). Trial counsel thereafter filed notice of appeal on Appellant's behalf, on June 11, 2014 (CR 70, 72), and appellate counsel was appointed. On June 12, 2014, trial counsel was withdrawn by Order of the trial Court. (CR 80).

The trial court had mentioned earlier that he could not take motions directly from the Appellant while represented by counsel. (1Sup.R.R., 6 [l.6-13]). Then, on lines 17 and 18 of the supplemental reporter's record, volume 1, page 6, the trial court acknowledges receipt of Appellant's Motion to Dismiss Counsel, and denies it. (CR 42 and 43, Pro se Motion to Dismiss Counsel and Motion to Suppress were file-marked in May, 2014). On a later date, at the sentencing hearing, the trial court accepted a document that began with "Dear Judge," and had it entered into the record. (CR 52-53). It can be confusing to a defendant before the Court when trying to understand whether he can or cannot file his own motions when represented by

counsel, especially when some of his pro se matters are orally rejected but then subsequently accepted.

Several days lapse and there is no indication that Appellant was made aware whether his trial counsel had been withdrawn or whether appellate counsel had been appointed. In fact, those things occurred at about the same time that Appellant filed his pro se Motion for New Trial.

There is nothing in the record to indicate that the District Clerk's office or the Court returned the Motion to Appellant stating that he could not file the motion *pro se* while represented by counsel - in fact, the Motion was file-marked. This file already had unusual history in that the trial court judge in whose court the case was filed had disqualified herself and requested that the case be reassigned to another Judge. Then the Judge of the Drug Court heard the case. There is nothing in the record to indicate the Appellant was notified that he could not file his Motion; there is nothing in the record to indicate the pro se motion was forwarded to trial counsel; there is nothing in the record to indicate that the motion was forwarded to appellate counsel; there is nothing in the record to indicate that the motion was forwarded to either trial court.

If a *pro se* motion is filed and the trial court never knows it, then allowing the motion to be overruled by operation of law could not be, as mentioned in *Holden*,

above, an arbitrary or unreasonable act of the trial court, nor a failure to rule.[7]  In fact, the overruling would have been made unconsciously, without the trial Court even knowing the motion existed.  Somewhere, someone should have notified the Appellant that his pro se motion would not be filed or sent to the court's attention because it was filed *pro se*, or it should have been forwarded to counsel so that he could decide which way to proceed on his client's wishes.  Although the expiration of 75 days for ruling on the Motion would have expired in mid-August, and the record was filed in late July, appellate counsel would have been required to have completely reviewed the record prior to his deadline to see that the pro se Motion for New Trial was on file.  Not only that, but both the Clerk's record and the Reporter's record were filed after the 30 day limit to file the Motion for New Trial had passed.  The *pro se* motion met the requisite particulars set forth above, in addition to being sworn to and including Appellant's affidavit which set out reasonable grounds showing Appellant could be entitled to relief and supported by his claims with a factual basis.

---

[7] Tex. Rules App. Proc., Rule 21.8 provides (a) *Time to Rule.* The court must rule on a motion for new trial within 75 days after imposing or suspending sentence in open court. (b) *Ruling*. In ruling on a motion for new trial, the court may make oral or written findings of fact. The granting of a motion for new trial must be accomplished by written order. A docket entry does not constitute a written order. (c) *Failure to Rule.* A motion not timely ruled on by written order will be deemed denied when the period prescribed in (a) expires.

The Appellant was harmed in that he would have been able to fully develop his appellate record through his new trial proceedings.

It is in the interest of justice that the court of appeals should remand the case back to the trial court to its prejudgment status which will restart the Motion for New Trial timetable and afford Appellant or Appellant's counsel an opportunity to file a Motion for New Trial and develop his claims at the trial court level.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Appellant prays this Honorable Court sustain points of error seven, eight and nine, ordering the trial court to enter a nunc pro tunc order correcting the date of the admonishments and other plea documents; ordering that the trial court should re-hear Appellant's motion to dismiss counsel, and, in addition, restore the Appellant to his status prior to judgment in the trial court so that the motion for new trial timetable should start anew.

Should the Court of Appeals direct substitute appellate to further brief or expound upon any issues, counsel prays that the Court will so direct her.

Respectfully submitted,

_____
KEVIN SEKALY CRIBBS
Attorney at Law
7705 Calder Ave
Beaumont, Texas 77706
Telephone: (409) 899-2051
Facsimile: (409) 866-9282
sekalyfirm@yahoo.com
Texas Bar No. 00792826

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing Brief of Appellant was electronically served upon the office of the Criminal District Attorney of Jefferson County, Texas, Jefferson County Courthouse, 1085 Pearl, Beaumont, Texas, 77701, on this the ___3rd___ day of ___September___, 2015.

_____
KEVIN SEKALY CRIBBS

## CERTIFICATE OF COMPLIANCE

Pursuant to Rules 9.4(i)(1), 9.4(i)(2)(A), and 9.4(i)(3), Tex. R. App. Proc, I hereby certify that the word count of the program used to prepare this document is within the appellate guidelines being 9923 words from the beginning of the brief through to its end, prior to the signature block for counsel.

_____
KEVIN SEKALY CRIBBS